In the Matter of .the Application of ADELBERT N. WARNER, Petitioner, for an Order of Mandamus against CHARLES R. HALL, as Mayor, and Others, as Trustees of the Village of Solvay, New York, Respondents.

Supreme Court, Onondaga County, September 11, 1931.

*John W. Barnell*, for the petitioner.

*Asher S. Cohen*, for the respondents.

CREGG, J. This is an application for a peremptory order of mandamus. The petitioner, Adelbert N. Warner, is an honorably discharged veteran of the World War. On the 22d day of April, 1930, he was employed by the village of Solvay as a truck driver and paid at the rate of thirty-one dollars and twenty cents per week. On April 10, 1931, he was discharged, without a hearing and without any charges having been preferred against him. Upon being notified that he was going to be discharged, he complained to the village board and informed the officers that he was entitled to preference as a soldier under section 22 of the Civil Service Law (as amd. by Laws of 1930, chap. 214), which reads in part as follows:

" 1. Removal of veterans and volunteer firemen. No person

holding a position by appointment or employment in the State of New York or in the several cities, counties, towns or villages thereof who is an honorably discharged soldier, sailor or marine, having served as such * * * in the world war * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges."

So far as appears, the village authorities did not know that Warner was an honorably discharged soldier at the time he was hired; and the only evidence they had at the time of his discharge that he was such honorably discharged soldier was his own say so. As soon as they were convinced that he was an honorably discharged soldier, and on June 1; 1931, they reinstated him. On the day Warner was discharged the rate of wages in his department was cut from thirty-one dollars and twenty cents to twenty-six dollars per week.

. The above facts are conceded and there are no material issues of fact raised. The respondents refuse to pay the petitioner any wages during the time that he was laid off, their contention being that, inasmuch as he was voluntarily reinstated and they were ignorant of his station as a soldier, he cannot collect any back pay. In order to be entitled to back pay he must first be reinstated by an order of the court in accordance with the provisions of section 23 of the Civil Service Law (as amd. by Laws of 1929, chap. 511).

Section 23 provides in substance that any honorably discharged soldier who shall have been restored to his former position or employment by order of the court shall receive from the State, or city, county or village wherein said position was held, the same compensation therefor from the date of such removal to the date of his reinstatement, which he would have been entitled by law to have received in such position or employment but for such unlawful removal.

Section 23 of the above statute is loosely drawn but it was undoubtedly enacted for the benefit of the honorably discharged soldier, and not for the purpose of protecting the municipality against its own wrongful acts. Then too the act of the village in discharging Warner without first having preferred charges against him and without a fair opportunity to be heard in his own defense, is a nullity and cannot deprive the petitioner of his rightful compensation during the period of his wrongful discharge.

In my judgment his right to compensation does not depend upon the manner in which he was reinstated, and it matters not whether he was reinstated by the voluntary act of the village, or whether he was reinstated after he had employed an attorney and procured an order from the court directing such reinstatement.

Respondents' contention that the village authorities did not know that Warner was an honorably discharged soldier is immaterial; it was their duty to know.

I hold, therefore, that the petitioner is entitled to pay during the time of his unlawful discharge. Inasmuch, however, as the rate of wages in the department where he was employed was reduced from thirty-one dollars and twenty cents to twenty-six dollars per week on the very day of his discharge, that is the rate at which he should be paid, namely, twenty-six dollars per week, for seven weeks and one day, together with fifty-seven dollars costs and disbursements of this proceeding.

A peremptory order of mandamus may issue accordingly.