In the Matter of the Application of Stanley Ziolkowski, Petitioner, for an Order of Mandamus against Otto A. Holstein, as Superintendent of Highways for the Town of Geddes, County of Onondaga, New York, Respondent.

Supreme Court, Onondaga County, June 1, 1932.

*John W. Barnell,* for the petitioner.

*Daniel F. Matthews, Jr.,* for the respondent.

SMITH, E. N., J. The petitioner, Stanley Ziolkowski, is an honorably-discharged soldier of the World War. The record shows that since March 1, 1927, he has been employed as a laborer by the superintendent of highways of the town of Geddes with a fair degree of continuity; that in 1927 he was employed for parts of five months, in 1928 for parts of eleven months, in 1929 for parts of ten months, in 1930 for parts of eleven months, and in 1931 for parts of ten months, his compensation varying from a low of $9.60 a month to a high of $144 a month. He was a laborer and was paid by the hour. The respondent assumed the duties of highway superintendent on January 1, 1932, and since that time has employed men from time to time to do necessary labor on the highways of the town. He states that at no time did he refuse to employ the petitioner, but that on account of the general business depression he gave preference to married over single men. The petitioner is unmarried.

The petitioner seeks reinstatement in the position of laborer and states that he will be glad to do any kind of work, and seeks only that he be given " the same consideration as is given to other laborers, and no more," and that he " receive the same pay as other laborers receive, and no more," and that he be allowed to work the same number of days and hours as other laborers, and no more. He states that " he believes he should be entitled to preference, but does not demand preference," but only demands equal rights with others.

There is no claim that the petitioner suffered any disability on account of his war service.

Section 21 of the Civil Service Law (as amd. by Laws of 1930, chap. 374) gives preference in appointment and promotion to disabled soldiers. The petitioner gains no rights under this section.

Section 22, subdivision 1, of said law (as amd. by Laws of 1930, chap. 214) provides: " No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof * * * who is an

honorably discharged soldier, * * * having served as such * * * in the world war * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, * * *."

This section gives no preference of employment to but serves to protect an honorably-discharged soldier, when once employed, from discharge without cause, and has the effect of giving a preference in tenure of employment once entered upon. While it is true that upon town highways the number of employees varies from time to time according to the season of the year and according to the work to be done, nevertheless there is for most of the year some employment of laborers upon the town highways. That this is so in respect of the town of Geddes appears from the practically continuous employment of the petitioner. There is no obligation on the part of a town superintendent of highways to keep any laborer upon the payroll when there is no work to be done; but if there is work to be done and he has upon the payroll an honorably-discharged soldier he may not discharge him except for cause.

The respondent here was actuated by a very commendable purpose, during the period of industrial depression through which we are passing, in attempting to give preference to men of family, who had persons dependent on them for support, over single men; but, commendable as the purpose may have been, he had no right to disregard the mandate of the statute and had no right to discharge the petitioner in the carrying out of his very commendable purpose of employing only men of family. The Legislature has enacted the law, and it is not for the superintendent of highways to question its wisdom or to discharge the petitioner for the reason assigned. The petitioner was improperly discharged. He was entitled to preference in tenure of his position, but to nothing more. He is subject to regulation as to the hours of labor and as to right of compensation the same as any other employee, but simply may not be discharged so long as laborers are employed on the town highways. To this extent only does the statute give him a priviledged position. In his petition he asks for no more than this, and to this he is entitled.

The question as to the compensation which should be awarded to the petitioner during the period of his unemployment has been fixed and agreed to by both parties to this proceeding at the sum of $200.

The order of peremptory mandamus is granted and may provide for the payment to the petitioner of the sum of $200, together with the sum of $55.50 allowed as costs and disbursements of this proceeding.

Ordered accordingly.