GEORGE D. SIEGELBAUM, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, November 27, 1936.

*Martin Siegelbaum*, for the appellant. .

*Elizabeth Rogers Horan* of counsel [*Henry J. Shields* with her on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

UNTERMYER, J. The complaint which, upon motion, was dismissed by the Municipal Court alleges that the plaintiff is a veteran of the Spanish-American war, who has been employed as a laborer 365 days per year in the fire department of the city of New York, at the rate of five dollars and forty-eight cents per day. On June 20, 1935, the plaintiff was suspended without pay by the fire commissioner pending the hearing and determination of charges against him. Following a departmental trial these charges were dismissed on August 23, 1935, the date of the plaintiff's official reinstatement. In the meantime, however, he had been directed to return to work on July 20, 1935. This action was instituted to recover the sum of $192.50 for wages from the date of suspension to the date of reinstatement, during which period, it is alleged, the plaintiff tendered his services but was prevented from rendering them. Although it is not alleged that the plaintiff was appointed from any civil service list, this is to be inferred from the other facts stated. (Civil Service Law, § 18.)

The question to be decided is whether the plaintiff, as he contends, is within the purview of section 1569-a of the Greater New York Charter or whether, as the city contends, the plaintiff, as a day laborer or per diem employee, is not entitled to payment for work which he did not do. Section 1569-a provides: "Except as otherwise specially provided the head of a city department or any other officer, board or body of the city, or of a borough or county within the city, vested with the power of appointment and employment, in addition to existing powers, may, in his discretion, suspend, for not more than one month without pay, any officer or employee of his department, board, body or office, pending the hearing and determination of charges against him or the making of any explanation, as the case may be. If the person so suspended be removed, he shall not be entitled to salary or compensation after suspension. If he be not so removed he shall be entitled to full salary or com-

pensation from the date of suspension to the date of reinstatement, less such deduction or fine as may be imposed."

Although the plaintiff is compensated on a per diem basis, he is within the civil service (Civil Service Law, § 18), which includes "all offices and positions of trust or employment in the service of the State or of such civil division or city" (Civil Service Law, § 2), with certain exceptions not material here. As a veteran, honorably discharged, the plaintiff also would be entitled to the protection accorded by section 22 of the Civil Service Law and section 127 of the Greater New York Charter. Though employed on a per diem basis, he was not in the situation of an employee working for a private employer by the day and subject to discharge at will. (*O'Hara* v. *City of New York*, 46 App. Div. 518; affd. on opinion of this court in 167 N. Y. 567.) We see no reason to doubt, therefore, that the term "employee," as used in section 1569-a, embraces all the employees of the city, including those who serve on a per diem basis, and that the term "compensation" includes the wages of per diem employees; nor do we find in section 1569-a any indication of an intention to exclude such employees from its benefits. Indeed, this was the import of the decision of this court in *Mandeville* v. *College of City of New York* (197 App. Div. 107).

In the consideration of this question it must be remembered that at no time was the plaintiff separated from the service but that he was "suspended." No vacancy was created thereby. He remained throughout in the employment of the city though prevented by suspension from rendering any services. "The power to remove is the power to cause a vacancy in the position held by the person removed, which may be filled at once, and if the duties are such as to demand it, it should be thus filled. The power to suspend causes no vacancy and gives no occasion for the exercise of the power to fill one. The result is that there may be an office, an officer and no vacancy, and yet none to discharge the duties of the office. By suspension the officer is prevented from discharging any duties, and yet there is no power to appoint anyone else to the office because there is no vacancy." (*Gregory* v. *Mayor, etc., of New York*, 113 N. Y. 416.) It does not follow, therefore, that the principle of "no work, no pay" is applicable to a period during which the plaintiff remained in the service of the city and desisted from work only on account of the pendency of charges which were later established to have been without foundation. (Compare, also, Greater New York Charter, § 1568 [Laws of 1912, chap. 353].) Under such circumstances we think that section 1569-a of the charter was intended to give the per diem employee a right to wages even though no service was performed.

The judgment of the Municipal Court and the determination of the Appellate Term should be reversed and the motion to dismiss the complaint denied, with costs to the plaintiff in all courts, and with leave to the defendant to answer within ten days after service of the order to be entered hereon, with notice of entry thereof, upon payment of said costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Judgment of the Municipal Court and the determination of the Appellate Term unanimously reversed and the motion to dismiss the complaint denied, with costs to the plaintiff in all courts, and with leave to the defendant to answer within ten days after service of order upon payment of said costs.