In the Matter of the Application of JOHN D. LORE, Petitioner, for an Order of Mandamus against RUSSELL FORBES, as Commissioner of Purchase of the City of New York, Respondent.*

Supreme Court, Trial Term, New York County, May 16, 1939.

*MacIntyre, McNally & Downey* [*James B. M. McNally* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondent.

COLLINS, J. The petitioner seeks by mandamus restoration to the position of pharmacist (non-competitive class) in the department of purchase, from which he was discharged on February 26, 1937. The basis of the application is that the petitioner was a veteran and thus entitled to the protection accorded veterans by subdivision 1 of section 22 of the Civil Service Law.

An alternative order was granted by Mr. Justice VALENTE to enable the petitioner " to establish the facts on which he claims his status." (N. Y. L. J. July 1, 1937, p. 5.)

The single issue evoked is presented by the petitioner's averment and the respondent's denial thereof that the " petitioner

---

* Affd., 259 App. Div. ——.

was honorably discharged from the military service of the United States."

The salient facts concerning the petitioner's induction into the service and his discharge therefrom are not in dispute.

At eight o'clock on the morning of November 11, 1918, and pursuant to directions received by the petitioner the preceding day, he appeared at Draft Board No. 119, East Twenty-third street, New York city. After certain formalities he, along with other men, and under command of an army officer, proceeded to Hoboken, N. J., marched from the ferry onto a train enroute to camp. After remaining on the train for several hours, he was instructed by an army officer to return home. The Armistice, of course, came that day. Subsequently, a certificate was issued to the petitioner certifying that he " was inducted into the service from the Local Board for Div. #119, New York, State of New York, on the eleventh day of November, 1918," and that he " was discharged from the military service of the United States at New York, New York, on the eleventh day of November, 1918, by reason of cancellation of draft."

Around March 6, 1919, the petitioner received as and for his services the sum of one dollar, issued by the Treasurer of the United States, the accompanying voucher certifying that the petitioner " was duly and legally inducted into the military service of the United States and reported in person for military duty * * * for entrainment to Camp Humphreys, Va., and was discharged from military service * * * in accordance with the directions of the President of the United States."

Under section 157 of the Mobilization Order, when a registrant was called to appear at the draft board, " such registrant shall be in the military service of the United States." Thus, that the petitioner was inducted into the military service and discharged therefrom is beyond controversy.

Now, the petitioner was appointed to the position of pharmacist (non-competitive class) in the department of hospitals on or about October 3, 1929, and was transferred to the department of purchase on January 1, 1935. He testified that when he entered the city's service he gave notice that he was a war veteran, although the space in the personnel record where such information should appear is blank. He swears that he related to his immediate superior the circumstances surrounding his service and that such superior advised him to leave the space blank. He testified further that on another occasion he mentioned his discharge from the army to his superior and that his superior said he would attend to the matter. After his discharge from the city's service, the petitioner gave

formal notice that he was an honorably-discharged veteran and thus entitled to a hearing on charges.

Subdivision 1 of section 22 of the Civil Service Law provides in part: " Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the State of New York, or in the several cities, counties, towns or villages thereof  *  *  *  who is an honorably discharged soldier, sailor or marine, having served as such in the army or navy of the United States  *  *  *  in the world war,  *  *  *  shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari."

Admittedly, the petitioner was not removed from his position " after a hearing upon due notice upon stated charges."

It is seen that the law does not specify the length or character of the service as a foundation for the preference. To be " an honorably discharged soldier  *  *  *  having served as such in the army  *  *  *  of the United States  *  *  *  in the world  war," is the sole qualification for the privilege. The preferential employment thus created has no regard to the duration, the place, the dangers, the risks, or the nature of the service.

The respondent argues — and with more than a modicum of plausibility — that to grant the relief here sought " would amount to a *reductio ad absurdum.*" But it would be more absurd to refuse to enforce the plain mandate of the Civil Service Law. The preference was created by the Legislature, not the courts. Quite true, the petitioner did not risk his life or render " meritorious service." (*People ex rel. Fonda* v. *Morton*, 148 N. Y. 156, 162.) But the preference is not grounded on " meritorious service." The *value* of the service is not to be weighed or measured. No line is drawn between those who fought on the firing line and those who did desk service, between those who saw service abroad and those who remained in camp in this country, between those who served a year and those who served a day. It was not the petitioner's fault that his service was of brief and inconsequential duration. He did all he was commanded to do, which is all any soldier can do. He comes within the scope of the law, and he has done nothing to forfeit the preferment which the law gives him.

I am unable to perceive that the petitioner waived any rights he had. The assertion of his claim was timely.

The defense does not impress me as robust enough to balk the petitioner's claim to be restored.

A final order will, accordingly, be issued.