In the Matter of the Application of MICHAEL DONOHUE, Petitioner, Respondent, for an Order under Article 78 of the Civil Practice Act, against IRVING V. A. HUIE, as Commissioner of Public Works of the City of New York, and Others, Appellants, and EUGENE D. GRUN, Appellant.*

First Department, May 31, 1940.

* Revg. 173 Misc. 362.

Robert H. Schaffer of counsel [Paxton Blair with him on the brief; William C. Chanler, Corporation Counsel, attorney], for the appellants, other than Eugene D. Grun.

James B. M. McNally of counsel [Samuel Rudykoff with him on the brief; MacIntyre, McNally & Downey, attorneys], for the appellant Eugene D. Grun.

Irving H. Saypol of counsel [Leo Kotler with him on the brief; Saypol & Kotler, attorneys], for the respondent.

GLENNON, J. It is unnecessary to review at length the facts out of which this controversy grew since the sole issue is whether the appellant Eugene D. Grun is an honorably-discharged soldier within the meaning of subdivision 1 of section 22 of the Civil Service Law.

Briefly, it appears that the appellant on September 3, 1918, was inducted into the military service of the United States. On that day he reported to Local Board No. 132, New York, where he was placed in charge of a squad of fourteen men and directed to entrain with them for Camp Greenleaf, Ga., where he was to deliver to an officer at the camp certain military documents and records. After receiving these directions, appellant boarded the train together with the squad of men who had been placed under his supervision. He reported at Camp Greenleaf on September 4, 1918, received and donned a regular army uniform and also received the regulation army equipment and was assigned to a barrack. Between September 4 and September 11, 1918, he drilled under the supervision of and received military instructions and information from duly commissioned officers of the United States Army. He was placed in charge of and supervised a sanitary squad. On September 11, 1918, he was honorably discharged from the military service of the United States. He received the sum of thirty-nine dollars and three cents on September 13, 1918, for military service.

During the month of May, 1919, he received an additional sum of sixty dollars for military service. About two years later he was given the uniform and equipment to which he was entitled as an honorably-discharged soldier pursuant to chapter 70* of

---

* See U. S. Code, tit. 10, § 1394.— [REP.

the act of Congress, approved February 28, 1919. Since 1921 appellant has been a member of the American Legion, and he is a past vice-commander thereof.

Under the circumstances here outlined, we are of the opinion that the appellant is an honorably-discharged soldier and consequently entitled to the benefits of subdivision 1 of section 22 of the Civil Service Law, which provides in part as follows: " * * * No person holding a position by appointment or employment in the State of New York, or in the several cities, * * * who is an honorably discharged soldier * * * having served as such * * * in the World war * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari. If the position so held by any such honorably discharged soldier * * * shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier * * * holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective. The burden of proving incompetency or misconduct shall be upon the person alleging the same." *(Matter of Lore* v. *Forbes,* 259 App. Div. 806.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.