In the Matter of the Application of JOHN D. LORE, Petitioner, Appellant, for an Order against RUSSELL FORBES, as Commissioner of Purchase of the City of New York, Respondent.

First Department, October 31, 1941.

*Samuel Rudykoff* of counsel [*James B. M. McNally* with him on the brief; *MacIntyre, McNally & Downey*, attorneys], for the appellant.

*Charles F. Murphy* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

GLENNON, J. The petitioner, a World War veteran, was appointed as a pharmacist in the department of hospitals in the city of New York on October 3, 1929. In his application for the position he set forth truthfully that he was suffering from paralysis of the left hand. He was assigned to the dispensing division.

It appears that the duties of a pharmacist in that division were to select powders, drugs and chemicals for the various hospitals. The weights of the packages in which these commodities were contained ranged from ounces up to twenty-five pounds. He performed his duties there without any complaints until about 1935 when he was transferred to the department of purchase of which the respondent is the commissioner. He was assigned to the same work until he was discharged without proper cause on or about February 28, 1937. The reason given was the alleged reclassification of the petitioner's position from the non-competitive to the competitive class.

On May 22, 1939, a final order was entered requiring the respondent to reinstate the petitioner to his position as pharmacist in the department of purchase as of February 28, 1937, to pay his current annual salary and all back salary with interest. That order was affirmed in this court on April 12, 1940 (*Matter of Lore* v. *Forbes*, 259 App. Div. 806, affg. 173 Misc. 1066), and leave to appeal to the Court of Appeals was denied both by this court (259 App. Div. 875) and also by the Court of Appeals (283 N. Y. 778). A certified copy of the final order was served upon the respondent on May 23, 1939, and on August 5, 1940, after the Court of Appeals had denied leave to appeal, another certified copy was duly served.

The respondent failed to comply with the order of the court. After the lapse of about fifteen months, an application was made to punish him for contempt of court. Accordingly, on October 11, 1940, the court at Special Term, New York county, adjudged the respondent to be in contempt of court and directed him, among other things, to reinstate the petitioner within two days, otherwise a warrant of commitment would issue. He was further directed to pay petitioner his salary of $1,680 per year from the 28th day of February, 1937, the date of his illegal discharge, with interest down to and including the date of the order.

While the application to punish him for contempt was pending, the respondent directed the petitioner to report for reinstatement in the department of purchase on September 24, 1940. The petitioner reported and discharged all his duties as a pharmacist from September 25, 1940, to July 10, 1941. His monthly salary, however, covering the period of his employment from September 25, 1940, was not paid until May 9, 1941, after it had become necessary to apply to the court at Special Term to punish the members of the Civil Service Commission for contempt for failing to certify the payroll.

At the time the present application came on to be heard at Special Term, the back salary from February 28, 1937, to Septem-

ber 25, 1940, had not been paid. It was conceded upon the argument of this appeal, however, that the commissioner now has paid the back salary in full, and thus has saved himself from imprisonment.

The petitioner was again served with charges and specifications of incompetency on July 10, 1941. The specifications read as follows: " Commissioner Forbes has ordered all employees with the title of pharmacist to perform the work of compounding and manufacturing drugs and all employees with the title of assistant pharmacist to perform the work of selecting stock of drugs and chemicals for the purpose of filling requisitions from using agencies. In your capacity as pharmacist, you were directed to perform compounding and manufacturing work. As reported by your superiors, and as you have admitted, you are unable competently to discharge your duties as a pharmacist. Furthermore, as reported by your superiors, there are many phases of a pharmacist's duties which you are unable to perform. These facts make you incompetent and inefficient."

These specifications apparently are based upon the fact that the commissioner has assigned petitioner to a division in the department of purchase where, in order to perform his duties, it became necessary for the petitioner to lift packages and containers which weighed about sixty pounds. While, strictly speaking, the petitioner has been reinstated to his position as pharmacist and the order with reference to back salary has now been complied with, we nevertheless doubt the good faith of the commissioner in preferring the present charges. At the time of his assignment to his present duties, it must have been well known to the commissioner that by reason of his crippled condition the petitioner would be unable to perform his new tasks. In these days when so many people, some of whom are unwilling to work, are receiving money in the form of relief from the city government, it is difficult to understand why it is that it becomes necessary for a city official to harass and annoy a willing worker, who does not seek charity but simply a fair opportunity to earn his living. The salary which the petitioner receives is comparatively small and yet the commissioner, by his course of conduct, has made it necessary for the petitioner to burden himself with counsel fees, printing expenses and other disbursements in order to safeguard himself in his position.

It seems to us that while the respondent has the power to prefer the charges, he, in good conscience, could have avoided the necessity of the present application by reassigning the petitioner to the duties which he performed not only in the department of hospitals but

also in his present department to the satisfaction of his immediate superiors.

While one may doubt the good faith of the respondent and may believe that his conduct indicates a determination to circumvent the purpose of the orders which have heretofore been entered, nevertheless, we can find no way to prevent the holding of a hearing upon the specifications.

Therefore, as it now appears that the respondent technically has complied with the orders to date, though not without compulsion, and that he may proceed to hearing on the charges made, the order appealed from should be affirmed, but without costs.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; UNTERMYER, J., concurs in result.

Order unanimously affirmed, without costs.