In the Matter of HAROLD CHETNEY, Petitioner, against ALLEN C. DASHNER, as Terminal and Grain Elevator Supervisor of the Oswego Grain Elevator of the State of New York, et al., Respondents.

Supreme Court, Equity Term, Oswego County, November 18, 1949.

*Culkin & Read* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Herman H. Arkin* of counsel), for respondents.

Bastow, J. This proceeding is brought under article 78 of the Civil Practice Act for an order directing the respondents to reinstate petitioner to the position of grain elevator weigher, Division of Operation and Maintenance in the Canals and Waterways Section, Department of Public Works, State of New York.

The petitioner is an honorably discharged soldier and veteran of World War I.

In April, 1944, the petitioner was employed as a laborer at the Oswego grain elevator, which is operated by the Canals and Waterways Section of Division of Operation and Maintenance of the Department of Public Works. On June 1, 1944, the petitioner commenced employment at the same place in the position of grain elevator weigher. He worked on the incoming scales for one year and thereafter was assigned to work on the outgoing scales.

The job held by petitioner is by law classified in the non-competitive class of civil service.

The petitioner became ill with a throat infection about August 15, 1948, and was required by his physician to remain away from work. The illness continued until November 15, 1948, and during this period two certificates of his doctor were furnished to the respondent, Dashner.

On November 15, 1948, the petitioner reported for work and was informed by Dashner that the former's job had been filled

by another person. Dashner refused to put petitioner to work. Subsequently, and on December 21, 1948, the petitioner wrote the respondent, Ostrander, requesting reinstatement. He was informed by the respondent, Lindsey, that the situation was being investigated and on January 4, 1949, the respondent, Robinson, informed petitioner there was no position available and he was instructed to talk to Dashner in the spring.

Thereafter, and on January 6, 1949, the respondent, Lindsey, informed petitioner that his position as grain elevator weigher had been held open but his services would not be required until after April 1, 1949, and an effort would be made to place petitioner in another position because of his illness.

On April 15, 1949, the petitioner was informed by the respondent, Robinson, that because of the former's illness the department refused to return him to work at the grain elevator and offered to employ him as a marine helper HD 5 or as a canal helper at Phoenix lock.

The foregoing facts were admitted by the respondents and it was further admitted that the petitioner was not given any formal notice of any discharge, nor were charges of any nature preferred against the petitioner and he was given no hearing, either formal or informal, on the subject of incompetency or misconduct.

It was further admitted by respondents that the position of grain elevator weigher has not been abolished and that there are others employed in the same capacity at the Oswego grain elevator. Finally the respondents admit that since the discharge of petitioner on November 15, 1948, he has been ready and willing to work in his position but the respondents have refused to use his services or pay his wages.

The question posed by what amounts to an agreed statement of facts is whether or not the petitioner could be removed from his position in the absence of proof of incompetency or misconduct shown after a hearing upon due notice upon stated charges.

Subdivision 1 of section 22 of the Civil Service Law reads as follows with certain extraneous matter omitted: " No person holding a position by appointment or employment in the state of New York * * * who is an honorably discharged soldier * * * having served as such in the army or navy of the United States * * * during world war I, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon

stated charges, and with a right to such employee or appointee to a review pursuant to article seventy-eight of the civil practice act.''

The subdivision just quoted in part is entitled '' Removal of veterans and volunteer firemen.'' Subdivision 2 of the same section is entitled '' Removals generally '' and provides in the first sentence that '' no officer or employee holding a position in the competitive class of the civil service of the state * * * shall be removed except for incompetency or misconduct '' and further provides for notice of the proposed removal, the reasons therefor and the furnishing of a copy of any charges preferred against the employee.

The offices and positions in the classified service of the State for which civil service rules shall be established pursuant to the Civil Service Law, shall be arranged in four classes to be designated as the exempt class, the competitive class, the noncompetitive class and, in cities, the labor class. (Civil Service Law, § 12.)

The petitioner, as heretofore stated, held a position in the noncompetitive class, which is defined in section 17 of the Civil Service Law, as follows: '' The non-competitive class shall include such positions as are not in the exempt class or the labor class and which it is impracticable to include in the competitive class. Appointments to positions in the non-competitive class shall be made after such non-competitive examination as is prescribed by the rules.''

Rule 19 of the Rules for the Classified Civil Service reads: '' The positions in the non-competitive class must be filled by such persons as upon proper non-competitive examinations shall be certified as qualified to discharge the duties of such positions by an examiner or examiners selected or appointed for that purpose by the commission. * * *''

The question is thus presented as to whether the provisions of section 22 of the Civil Service Law which prohibit removal of an honorably discharged soldier '' except for incompetency or misconduct shown after a hearing upon due notice upon stated charges '' are applicable to a veteran who has been appointed to and occupies a position in the noncompetitive class.

It has been repeatedly held that subordinate positions in the exempt class are included in the protection afforded by section 22 providing that no honorably discharged soldier shall be removed except for incompetency or misconduct shown after a hearing upon stated charges. (*Matter of Fornara* v. *Schro-*

*eder,* 261 N. Y. 363; *Matter of Mafera* v. *Pasta,* 265 N. Y. 552; *Matter of Kiernan* v. *Ingersoll,* 265 N. Y. 553; *Matter of Mylod* v. *Graves,* 274 N. Y. 381, 383.)

In *Matter of Fornara* v. *Schroeder* (*supra,* p. 368) the court said: '' When petitioner became an appointee in the exempt class he was entitled to a hearing upon charges before removal. When his position was transferred to the competitive class he was not required to qualify therefor by entering a competitive examination. No new office was created. The Civil Service Commission did not deem it practicable to determine the qualifications of a superintendent of street cleaning by a competitive examination until after he had been appointed. Petitioner was in the class that could not be removed from office except in the manner provided by law — on charges and after a hearing. The State Civil Service Commission could not remove him. It has done no more than refuse to approve a resolution reclassifying the position.''

It is true that subsequently in *Matter of Mylod* v. *Graves* (*supra,* p. 383) the court rejected the contention of the veteran that the *Fornara* decision (*supra*) was authority for the proposition that all veterans in any position are entitled to protection except '' the position of private secretary, cashier or deputy of any official or department.'' The court did, however, restate its holding in the *Fornara* case (*supra*) to be '' that subordinate employees were entitled to the protection as veterans even although put in the exempt class. Positions in the exempt class are included in the protection afforded by section 22 of the Civil Service Law.'' The court decided, however, that a tax appraiser was an independent officer and not a subordinate employee.

The exact nature of petitioner's duties was not included in the facts submitted but they may be fairly inferred from the title of the position. It seems clear in the absence of proof to the contrary that the petitioner occupied a subordinate position.

It has also been held that veterans are entitled to the protection of section 22 of the Civil Service Law when employed as laborers by a municipality (*Matter of O'Brien* v. *Hughes,* 270 App. Div. 1072; *Siegelbaum* v. *City of New York,* 249 App. Div. 153; *Matter of Ziolkowski* v. *Holstein,* 143 Misc. 819) or as a truck driver for a municipality (*Matter of Warner* v. *Hall,* 141 Misc. 294); or as a pharmacist (noncompetitive class) in the department of purchase of a municipality (*Matter of Lore* v. *Forbes,* 173 Misc. 1066, affd. 259 App. Div. 806).

The law appears to be well established, therefore, that veterans holding subordinate positions in the exempt class or in the labor class are entitled to the protection of subdivision 1 of section 22 of the Civil Service Law. Furthermore, as heretofore stated subdivision 2 of the same section prohibits the removal of any officer or employee holding a position in the competitive class except for incompetency or misconduct and after a hearing.

It has been said " that fitness for any position in the classified civil service must be ascertained by competitive examination unless there has been determination that fitness and merit cannot be ascertained by competitive examination. Even when that has been determined, a position may not be placed in the exempt class ' if it may practicably be placed in the * * * noncompetitive.' Determination that a position shall be placed in the exempt class is permitted by the Constitution only where there is finding that no examination, ' competitive or non-competitive, supplies a practicable test ' of fitness for the position." (*Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 302.)

The petitioner held a position in the noncompetitive class and presumably had passed a noncompetitive examination which " is * * * an assurance that along with personal qualities or associations satisfactory to the appointing officer there shall also be the attainment of some standard of efficiency established as a minimum." (*Matter of Ottinger* v. *State Civil Service Comm.,* 240 N. Y. 435, 443.)

If veterans holding subordinate positions in the exempt class are entitled to the protection provided by section 22 of the Civil Service Law there appears to be no sound reason why a veteran holding a subordinate position in the noncompetitive class should be denied like protection.

The respondents make no attempt to point out any distinction and point to no case or statutory law to justify their actions. The plain reading of section 22 of the Civil Service Law shows a legislative intent to protect an honorably discharged soldier, when once employed, from discharge without cause, and has the effect of giving a preference in tenure of employment once entered upon. (*Matter of Ziolkowski* v. *Holstein,* 143 Misc. 819, *supra.*)

The petitioner is entitled to an order restoring him to his former position as grain elevator weigher, outgoing scales, at the Oswego grain elevator in Oswego, New York.

Upon the hearing it was stipulated by the attorneys for the respective parties that if petitioner was entitled to be reinstated he was entitled to compensation at $1.12 per hour on a basis of a forty-eight hour week from November 15, 1948, to the date of his reinstatement. It is assumed consideration was given to section 23 of the Civil Service Law before the stipulation was made.

Submit order accordingly.