Mabio Pittoni, J.
This is an article 78 proceeding for a writ of prohibition to restrain respondents from (1) mandatorily transferring petitioners to the Parks Commission as Park Rangers and (2) abolishing petitioners’ positions as Deputy Sheriffs.
Petitioners are Deputy Sheriffs in the office of the Sheriff of Suffolk County. They were “ covered- in ” by Civil Service on January 1, 1969 and thereby gained permanent status as Deputy Sheriffs.
On May 12, 1969, the Suffolk County Board of Supervisors transferred all of the 37 Deputy Sheriffs assigned to the Parks Department as Park Rangers.
On May 13, 1969, all of these petitioners were advised by the Sheriff that they must either accept a transfer to the Parks Department as Park Rangers or be discharged.
On May 19, 1969, the Suffolk County Board of Supervisors abolished the 37 Deputy Sheriff positions and identified them as park protection personnel.
Petitioners did not accept the transfer to the position of Park Rangers. However, because of a stipulation among the parties, *235 only petitioners Van Pelt and Saladino are continuing this action.
Petitioner Van Pelt served in the United States Merchant Marine during World War II and has served in the Sheriff’s1 office longer than nonveterans of the same title.
Petitioner Saladino is a nonveteran who has served in the Sheriff’s office longer than other nonveterans of the same title.
The first question is whether petitioner Van Pelt is entitled to ‘1 veteran ’ ’ status as defined in section 85 of the Civil Service Law. He is not. Section 85 defines a veteran as “ a member of the armed forces of the United States who served therein in time of war ” (emphasis added). Subdivision 10 (now renumbered 9) of section 1 of the Military Law says “ The term * # * í ^ £he armed forces of the United States ’ shall mean full time duty in the army, navy (including marine corps), air force or coast guard of the United States.” Therefore, petitioner Van Pelt was not in the armed forces even though he served in the Merchant Marine in time of war.
The argument is that section 243 of the Military Law should be read in conjunction with section 85 of the Civil Service Law. However, no part of section 243 defines a “ veteran ” and subdivision (b) of section 243c merely specifies what public employees are given certain protections and advantages for having served in various governmental, public or private organizations “ on military duty.” For example, section 243 includes “ service with-the United States public health service * * * or service with the American Red Cross while with the armed forces * * * or service in the merchant marine ” (emphasis added) and other similar organizations. Clearly this section includes many organizations and persons who were not members of the “ armed forces.” Those words “ armed forces ” are the key words to veteran status.
It follows that .section 85 of the Civil Service Law and section 243 of the Military Law cannot be read together. They do not complement each other. Only the definition of ‘ ‘ veteran ’ ’ in section 85 of the Civil Service Law, as complemented by subdision 10 (now renumbered 9) of section 1 of the Military Law, controls. Therefore, although petitioner Van Pelt was a merchant marine seaman in World War II, he is not a veteran.
The next question is whether petitioners Van Pelt and Saladino are entitled to greater seniority than other nonveterans in the same classification merely because they were in the employ of the Sheriff’s office longer. They are not. Prior to January, 1969, they enjoyed no civil service status of any kind and could be removed at will while later appointees were retained, .regard *236 less of seniority on the job. January 1, 1969, when all 37 Deputy Sheriffs were “ covered in,” became the common date of equal seniority. Section 80 of the Civil Service Law states in part: “ Where, because of * * * abolition of functions, curtailment of activities or otherwise, positions in the competitive class are abolished # * * suspension * * * among incumbents holding the same * * * positions shall be made in the inverse order of original appointment on a permanent basis in the competitive class in the service of the governmental jurisdiction in which such abolition * * * of positions occur” (emphasis added). Here all 37 Deputy Sheriffs were “ covered in ” or appointed on a permanent basis on the same day, January 1, 1969. Thus, any prior seniority during their “removable at will ” status does not apply. It follows that all 37 Deputy Sheriffs are equal in seniority. The Sheriff of Suffolk County may therefore choose and select those whom he wishes to release and those whom he wishes to retain for the remaining positions after some positions have been legally abolished.
The petition is dismissed and any stay now pending against respondents is vacated.