In the Matter of FRANCIS J. SULLIVAN, Respondent, *v.* SOLOMON HOBERMAN et al., Constituting the Department of Personnel and the Civil Service Commission of the City of New York, et al., Appellants.

First Department, March 26, 1970.

*Leonard Koerner* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*Michael J. Horowitz* of counsel (*Murray A. Gordon,* attorney), for respondent.

McNALLY, J.  The question presented is whether petitioner, an honorably discharged member of the armed forces of the United States who was disabled in the actual performance of duty during war and receiving disability payments therefor from the United States Veterans Administration, was within the ambit of section 6 of article V of the State Constitution and section 85 of the Civil Service Law, when he applied for additional credit in respect of a promotional examination for the position of Lieutenant in the New York City Fire Department.

The facts are undisputed.  Petitioner was appointed to the position of fireman on May 21, 1960.  In May, 1961 petitioner enlisted in the United States Army Corps Reserve.  On November 19, 1961, he completed the required six months' training period, and was thereafter for a period of five years, five months, required to attend weekly or monthly drills or actual camp training.  On May 3, 1964, petitioner reported for two weeks of maneuvers at Camp Drum.  On May 12, 1964, he was injured while on maneuvers and received medical care therefor from the Army from May 12 to November 23, 1964.  Said injury resulted in the certification by Veterans Administration of service-connected disability of petitioner by reason of injury to petitioner's right hand, to the extent of 30%.  Petitioner was honorably discharged " from the Armed Forces of the United States of America " and from the " Army of the United States " April 30, 1967.

The promotional examination for the position of Lieutenant, Fire Department, was conducted June 10, 1967.  Petitioner's disabled veteran's preference enabled him to score number one on the list.  Thereon he was promoted on February 24, 1968 to the position of Lieutenant.  On May 1, 1968, however, petitioner was notified he did not qualify for a veteran's preference, and on June 12, 1968 he was demoted to fireman, first grade.

Section 6 of article V of the New York State Constitution, as far as relevant, provides: " any member of the armed forces of the United States who served therein in time of war  * * * and was honorably discharged  * * *  shall be entitled to receive five points additional credit in a competitive examination for original appointment and two and one-half points additional credit in an examination for promotion or, if such member was disabled in the actual performance of duty in any war, is

receiving disability payments therefor from the United States veterans administration, and his disability is certified by such administration to be in existence at the time of his application for appointment or promotion, he shall be entitled to receive ten points additional credit in a competitive examination for original appointment and five points additional credit in an examination for promotion."

Section 85 of the Civil Service Law defines the terms " veteran " and " disabled veteran " which are not adverted to in the Constitution. " Veteran " is defined as one " honorably discharged or released under honorable circumstances " from the " armed forces of the United States who served therein in time of war ". A " disabled veteran " is one certified by the Veterans Administration as entitled to receive disability payments for a disability incurred by him in time of war. Section 85 includes within the term " time of war " the period January 1, 1963 to July 1, 1970.

Respondents concede that " if a literal construction were given to the term ' member of the armed forces of the United States who served therein in time of war  *  *  * ', the petitioner [is] within the scope of the applicable constitutional and statutory provisions." They contend, however, where the " statute produces a result plainly and directly at variance with the policy of the legislation as a whole, the courts may follow the purpose of the statute rather than the literal words."

Section 6 of article V of the Constitution and section 85 of the Civil Service Law are keyed to the " armed forces of the United States ". Relevant, therefore, are the components thereof. Section 3062 of title 10 of the United States Code provides in part:

" (c) The Army consists of —

" (1) the Regular Army, the Army National Guard of the United States, the Army National Guard while in the service of the United States and the Army Reserve ".

The statutory term for enlistment in the Army Reserve is six years (U. S. Code, tit. 10, § 511). An initial training period is prescribed (U. S. Code, tit. 10, § 270), which in the case of the petitioner was six months. Thereafter a reservist is required to participate in no less than 48 scheduled drills and 14 days of active duty or serve 30 days on active duty during each year.

It is expressly provided by statute that laws applying to both Regular and Reserves shall be administered without discrimination (§ 277). Reserve components are subject to active duty in time of war or of national emergency (§ 672).

In the light of the well-defined structural establishment, organization and training requirements and definite term of service in respect of the Army Reserve, apart from the express statutory designation as such, it cannot be gainsaid that it is a component of the armed forces of the United States. We do not find analogous volunteer units such as involved in *Mitchell* v. *Cohen* (333 U. S. 411) and *Matter of Rubin* v. *Conway* (273 App. Div. 559, affd. 298 N. Y. 711). Those cases pertained to units not regular components of the armed forces, wholly voluntary, with no prescribed training or term of service, or subjection to compulsory active duty.

The armed forces are constituted by statute. There is statutory provision for the Army Reserve; there is no statutory provision for the establishment or the inclusion of temporary members of the services within the scope of the armed forces of the United States. Consistent therewith is the opinion of the Attorney-General of the State of New York rendered in 1946 (1946 Ops. Atty. Gen. 156, 163–164):

" The reserve forces of the United States Army, Navy and Marine Corps are without question parts of the armed forces since these are permanent components of the three main branches of the military establishment and are designed to secure a reserve of qualified personnel * * *.

" I do not believe that temporary members of the Coast Guard Reserve should be considered as serving in the armed forces of the United States unless their active reserve was on a full-time paid basis."

Moreover, the General Examination Regulations of respondents Civil Service Commission [E 20.3 (b)] also provide: " Service with the armed forces shall not include service with * * * temporary reserves or auxiliary forces." Implicit therein is that service with the Army Reserve is within the ambit of service with the armed forces.

Courts are reluctant to import into the Constitution that which is not there. (*People ex rel. Gilbert* v. *Wemple,* 125 N. Y. 485, 489.) Where, as here, the language of the Constitution admittedly, literally brings petitioner within its scope, there is no occasion to search beyond the Constitution for an intent not therein expressed. (*People* v. *Carroll,* 3 N Y 2d 686, 689.)

" Under the doctrine of separation of powers, it is fundamental that the courts may not extend, enlarge, or expand legislation. The courts should not attempt to read into a statute words or provisions or meanings which are not there * * * Rules of construction are invoked only when the language used

in a statute leaves its purpose and intent uncertain and questionable, and not for judicial enlargement of or extension of the legislative design or intent. A court may not read into statutes what the legislature intended should be left out, nor read into a statute words not used by the legislature which would defeat the purpose of the statute in part." (56 N. Y. Jur., Statutes, § 107, pp. 584–585, and cases cited.)

We find without substance the appellants' contention that the Constitution and Civil Service Law provisions are at variance with public policy. Petitioner was subject to active duty for a period of 'five years, six months of required service, which included a time of war as defined by the statute, and sustained accidental disability during active duty. Neither the Constitution nor the Civil Service Law requires an evaluation of the merit, length or place of the service. That the service was not at the front is happenstance. Petitioner did all he was required to do. The preference is based on the risk or exposure, and not the type or duration of the service. In *Matter of Lore* v. *Forbes* (173 Misc. 1066, affd. 259 App. Div. 806, mot. for lv. to app. den. 259 App. Div. 875, 283 N. Y. 778) the petitioner was inducted and discharged on the day of the Armistice, and his veteran's preference was upheld. In *Matter of Donohue* v. *Huie* (259 App. Div. 645, affd. 285 N. Y. 557) a veteran's preference was sustained on the basis of induction on September 3, 1918 and, after a week of drill, discharge from the draft on September 11, 1918. We are not required to, nor should we undertake, in the absence of constitutional or statutory provisions therefor, pass on the relative merit of service, particularly where there are no objective standards.

The judgment should be affirmed, without costs and without disbursements.

McGIVERN, J. P. (dissenting). The petitioner, at the time of his injury was a fireman, New York City Fire Department, receiving full pay as such. He was on his annual two-week summer-camp stint, as a reservist. Regrettably, he was injured, but he was continued in a reservist pay status while hospitalized, and subsequently was awarded a disability compensation by the Veterans Administration, for life presumably, all the while receiving full pay from the Fire Department. He has not been inequitably treated. But, since the accident occurred while he was in a " reservist " status, it did not happen " in time of war," and as such it is unacceptable within the statutes as interpreted by *Mitchell* v. *Cohen* (333 U. S. 411) and *Matter of Rubin* v. *Conway* (273 App. Div. 559, affd. 298 N. Y. 711).

These cases, after a review of the history, purpose and intent of veteran preferences, lay down the principle that the equitable and moral basis for such preferences was the recognition accorded the "whole time and effort" sacrifice made by veterans in behalf of their fellow countrymen. The purpose was to help the veteran recapture lost opportunities, to make more equal the race of life, to bring the veteran abreast of those who did not make his sacrifice. But the sacrifice must be complete. It may not be "temporary" or "intermittent." It is justified only "by the sacrifice and disruption of normal civil life which accompanied full time military service." (See *Rubin,* 273 App. Div. 559, 561.) And as noted in the affirmance by the Court of Appeals (298 N. Y. 711, 712) "The Appellate Division concluded that there was no justification for granting a preference to those such as petitioner who during the war gave only temporary, intermittent service on a basis which left their civilian pursuits practically unaltered."

The "whole time and effort" sacrifice is not present in this case. For aught that appears on the record, the petitioner, as a domestic reservist, save for the minimal training periods, could have slept in his own bed every night, he was not severed from the family bosom or wrenched from familiar surroundings and the things he held most dear; he never missed a pay day nor an opportunity to go forward, and basically the even tenor of his civilian ways was not affected. The service he rendered may have been "magnificent, but it is not war." Nor may it be sensibly regarded as "war-time service" in the light of the construction given the statutes by the courts at the summit. To reward this petitioner with a veteran's preference does a disservice to and dilutes the value of the preference legislatively accorded the military on active duty, enlisted or drafted, whose civilian lives have been uprooted and dislocated and millions of whom are presently overseas in various parts of the world.

All we are called upon to do is to decide whether or not the record sustains Special Term in the judgment appealed from that the act of the Civil Service Commission was "arbitrary, unreasonable and unlawful" in denying the petitioner a veteran or a disabled veteran preference on the ground he had "No active wartime service." Recognizing that great deference should be accorded "the interpretation given the statute by the officers or agency charged with its administration" (*Udall* v. *Tallman,* 380 U. S. 1, 16), and that all that is required of them is the display of a "rational basis" (*Matter of Colton* v. *Berman,* 21 N Y 2d 322, 334), in my view, the determination of the commission should not be judicially disturbed.

I go further. The statutes (N. Y. Const., art. V, § 6; Civil Service Law, § 85) having already been authoritatively construed by the highest courts, and since any preference at all is repugnant to the theory of civil service, the Commissioners might very well have been recreant to their duties if they had not honored the precedents and determined as they did herein. (*Mitchell* v. *Cohen* 333 U. S. 411, *supra*; *Matter of Rubin* v. *Conway,* 273 App Div. 559, affd. 298 N. Y. 711, *supra*.) In any event, the commission action was not "arbitrary, unreasonable or unlawful," as the judgment declares, and there the matter should end.

Special Term rests on two cases: *Matter of Potts* v. *Kaplan* (264 N. Y. 110) and *Matter of Falconieri* v. *City Civ. Serv. Comm.* (27 A D 2d 513). But in the *Potts* case, there never was any doubt the service rendered was war time service by bona fide "Veterans of the World War." The only question was the extent of the asserted disability. And in the *Falconieri* case, similarly, the question did not involve the petitioner's "active service" status, but only the time period of his disability. Actually, it was undisputed that Falconieri served for over 30 months in the United States Navy. And therein, the court in dismissing the petition, said, "while he has a service-connected disability, the Veterans Administration has failed to certify that his disability was incurred in service during time of war" (citing *Potts, supra,* and *Matter of Carey* v. *Morton,* 297 N. Y. 361). Thus, the certification possessed by the petitioner herein is not determinative, as Special Term concluded without warrant. It stands for only one thing: he was injured while performing his summer training duty as a reservist, and for it he is receiving a disability compensation from the Veterans Administration. And that, by the cases, is insufficient to qualify him for a preference in Civil Service.

Similarly, the cases cited by the majority (*Matter of Lore* v. *Forbes,* 173 Misc. 1066, affd. 259 App. Div. 1; *Matter of Donohue* v. *Huie,* 259 App. Div. 645, affd. 285 N. Y. 557), both involve situations where again, unquestionably, the petitioners had been called up for active duty. Not so here. Our petitioner was still a Stateside reservist. True, he may have been exposed to a call for the "hostilities" (Civil Service Law, § 85, subd. 1, par. [c], cl. [4]), but for him the call never came.

As for the majority's references to the United States Code in the first place, section 270 (subd. [a], par. [1]) of title 10 refers to the period wherein the petitioner's injury occurred as "on active duty *for training* of not less than 14 days" (emphasis

supplied). This, to differentiate such a period from active duty during time of war. More important, however, we are not dealing with a Federal statute or with Federal benefits. We are dealing with and are governed by New York statutes. The nettle of this distinction was clearly grasped by Mr. Justice PITTONI in the recent case of *Brooks* v. *Dennison* (61 Misc 2d 234, 235) when he said: " The first question is whether petitioner Van Pelt is entitled to ' veteran ' status as defined in section 85 of the Civil Service Law. He is not. Section 85 defines a veteran as ' a member of the *armed forces of the United States* who served therein in time of war ' (emphasis added). Subdivision 10 (now renumbered 9) of section 1 of the Military Law says ' The term  *  *  *  " in the armed forces of the United States " shall mean full time duty in the army, navy (including marine corps), air force or coast guard of the United States.' Therefore, petitioner Van Pelt was not in the armed forces even though he served in the Merchant Marine in time of war. *  *  *  Only the definition of ' veteran ' in section 85 of the Civil Service Law, as complemented by subdivision 10 (now renumbered 9) of section 1 of the Military Law, controls."

Lastly, all of the foregoing is completely consistent with the opinion of the Attorney-General of the State of New York rendered in 1946 (1946 Ops. Atty. Gen. 156, 160, 163) : " One who joins a reserve component of the armed forces is not thereby placed on full time active military duty. He is in an inactive status, free to follow his normal civilian pursuits but subject to the obligation of responding to orders to active duty as authorized by law (see *Matter of Williams* v. *Walsh,* 289 N. Y. 1). *  *  *  The reserve forces of the United States Army, Navy and Marine Corps are without question parts of the armed forces since these are permanent components of the three main branches of the military establishment and are designed to secure a reserve of qualified personnel *which may be called upon in time of need. Membership alone, however, does not constitute service, and in order to be eligible for preference such reservists must have performed active duty during the war."* (Emphasis supplied.)

In disallowing the preference, the Civil Service Commission was correct. Special Term should be reversed, and the petition dismissed.

MARKEWICH and TILZER, JJ., concur with McNALLY, J.; McGIVERN, J. P., dissents in opinion.

Judgment affirmed, without costs and without disbursements.