Chief Judge Cooke
(dissenting). I agree that the petitioner does have standing to challenge the determination of the commissioner. However, because the majority weighs the value of the service rendered by respondent police officers, I respectfully dissent and vote to affirm.
The majority opinion would deny veterans’ preference credits to these respondents because their brief period of service provides “no justification” for such an award. Veterans’ preference cannot be rationally denied to a soldier *450 who served in the Army, Navy, Marine Corps, Air Force, Coast Guard, or National Guard on “full-time active duty” during “time of war” solely on the ground that he or she served less than one day (NY Const, art V, § 6; General Construction Law, § 13-a; Civil Service Law, § 85, subd 1, par [c], cl [4]). Neither the State Constitution nor any statute provides for qualitative evaluations to be made of the relative contributions and disruptions to civilian life of soldiers serving in various historical contexts (see Matter of Lore v Forbes, 173 Misc 1066, affd 259 App Div 806, mot for lv to app den 283 NY 778; see, also, Matter of Silberglitt v McNamara, 300 NY 465, affg without opn 275 App Div 801; Matter of Donohue v Huie, 285 NY 557; Hornstein v Laird, 327 F Supp 993 [SDNY, 1971]). Nor can such value judgments regarding what constitutes a “full-scale sacrifice” rationally be made. The yardstick of the Constitution and statutes is definite and not subject to varying or discretionary application. The majority’s approach does not provide a workable means of making such evaluations of what constitutes significant interference “with the applicant’s normal employment and way of life.” The insertion of a discretionary element could lead to instances of abuse by the officials charged with granting these veterans’ preference credits. Thus, there is good reason not to disregard or effectively overrule Matter of Silberglitt v McNamara, (300 NY 465, supra), because it serves the salutary and helpful purpose of recognizing and maintaining the nondiscretionary application of preference credits, which is required by the constitutional and statutory provisions in question.
The two cases relied upon by the majority are distinguishable. The police officers in Matter of Rahill v Bronstein (32 NY2d 417), were reservists who served in time of war but their “active duty” was only “active duty for training”, which is expressly excluded by the terms of section 13-a of the General Construction Law. In Matter of Rubin v Conway (273 App Div 559, affd 298 NY 711), the physician was denied preference credit because he only served as a reservist on a part-time basis, four days a month, which constituted service on a “temporary, intermittent * * * basis”.
*451 Here, respondents were called to “full-time active duty” pursuant to an order of the President of the United States, during a “time of war.” They fulfilled the constitutional and statutory requirements for a veterans’ preference credit. When they reported for duty, respondents submitted themselves to the control of their superior officers for an indeterminate period of time for whatever duties would be required. As was aptly stated by a court which granted veterans’ preference credits to a soldier who served less than one day before dismissal, “[q]uite true, the petitioner did not risk his life or render ‘meritorious service.’ * * * The value of the service is not to be weighed or measured. No line is drawn between those * * * who did desk service * * * [and] those who saw service abroad * * * It was not the petitioner’s fault that his service was of brief and inconsequential duration. He did all he was commanded to do, which is all any soldier can do” (Matter of Lore v Forbes, 173 Misc 1066, 1068, affd 259 App Div 806, mot for lv to app den 283 NY 778, supra [emphasis in original]).
Judges Jasen, Jones, Wachtler and Meyer concur with Judge Kaye; Judge Simons concurs in result in a memorandum; Chief Judge Cooke dissents and votes to affirm in a separate opinion.
In each case: Order reversed, etc.