LEO A. DUNN *vs.* COMMISSIONER OF CIVIL SERVICE.

Suffolk.    October 6, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

Civil Service, Veteran's preference. *Veteran.* Statute, Construction. Words, "Veteran," "Served in the army."

One, who was inducted into the military service of the United States in September, 1917, and eight days later was honorably discharged therefrom by reason of disability, had not "served in the army" and was not a "veteran" within the meaning of G. L. (Ter. Ed.) c. 31, § 21.

The provisions of said § 21 defining those who shall not be considered as veterans do not alter the meaning of the word "veteran" as used in previous statutes.

A new meaning cannot be given to the words of an old statute merely because of changed conditions existing at a time later than that of the enactment of that statute.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on March 23, 1932.

The petition and answer are described in the opinion. The case was heard by *Pierce*, J., who ordered the petition dismissed. The petitioner alleged an exception.

*B. F. Gately*, for the petitioner.

*J. E. Warner*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

WAIT, J. The petitioner contends that the commissioner of civil service has denied him a preference secured to him as a veteran within G. L. (Ter. Ed.) c. 31, § 21; and prays that a writ of mandamus issue to compel recognition of his right.

Section 14, Sixth, of St. 1884, c. 320, which created the civil service commission, required that the rules of the commission should provide "For giving preference in appointments to office and promotions in office (other qualifications being equal) to applicants who served in the army or navy of the United States in time of war and have been honorably discharged therefrom." St. 1887, c. 437, gave a preference to "All persons who served in the army or navy of the United States in the time of the war of the rebellion, and were honorably discharged therefrom"; and St. 1889, c. 473, to "persons certified who have served in the army or navy of the United States in time of war and been honorably discharged therefrom." The word "veteran" first appears in the civil service statutes in the title to St. 1894, c. 519: "An Act relative to veterans employed in the civil service of cities," which forbade the removal, suspension or transfer without a hearing of a "person who has served in the United States army or navy in time of war and been honorably discharged therefrom." It is first defined in St. 1895, c. 501, § 6: "The word 'veteran', as used in this act, shall be construed to mean a person who served in the United States army or navy during the war of the rebellion and was honorably discharged therefrom." This section, which contained also other provisions, in conjunction with § 2 of the same chapter was declared unconstitutional by *Brown* v. *Russell*, 166 Mass. 14. The definition, substantially unchanged, was reënacted as § 1 of St. 1896, c. 517. By § 6 of the latter statute the civil

service commissioners were required to establish rules to secure the employment of "veterans" in the labor service in preference to all others except women and it was provided that "Citizens of Massachusetts who have distinguished themselves by gallant and heroic conduct while serving in the army or navy of the United States, and who have received a medal of honor from the president of the United States [see *Phillips* v. *Metropolitan Park Commission,* 215 Mass. 502] shall be deemed to be veterans under the meaning of this act and shall receive all the benefits thereof." These two definitions were combined to constitute the definition of veteran of R. L. c. 19, § 20, which remained unchanged until St. 1919, c. 150, § 1, enacted the form of words which, with a single change made by St. 1924, c. 155, is in force today. Those words are as follows: "Section 21. The word 'veteran' as used in this chapter shall mean any person who has served in the army, navy or marine corps of the United States in time of war or insurrection and has been honorably discharged from such service or released from active duty therein, or who distinguished himself by gallant or heroic conduct while serving in the army or navy of the United States and has received a medal of honor from the president of the United States, provided that such person was a citizen of the Commonwealth at the time of his induction into such service or has resided in the commonwealth for five consecutive years next prior to the date of filing application with the commissioner under this chapter; and provided further that any such person who at the time of entering said service had declared his intention to become a subject or citizen of the United States and withdrew such intention under the provisions of the act of congress approved July ninth, nineteen hundred and eighteen, and any person designated as a conscientious objector upon his discharge, shall not be deemed a 'veteran' within the meaning of this chapter."

The petition set out that on November 11, 1931, the petitioner was a resident and citizen of the city of Everett; on that day he filed application for employment as State

laborer with the commission; at the time of filing he requested preference as a veteran under G. L. (Ter. Ed.) c. 31, § 21, and his request has been denied; on September 21, 1917, he was inducted into the service of the United States from the jurisdiction of Local Board No. 1, Malden; on September 29, 1917, he was discharged from the military service of the United States at Camp Devens, Massachusetts; the Secretary of War certifies he was discharged from said service at said Camp Devens on said September 29, 1917, by reason of disability, and was inducted into said service from said jurisdiction on said September 21. Nothing more is alleged nor set out. The answer set up that it did not appear from the petition that the petitioner was a veteran within the meaning of the statute, nor that he "has served in the army, navy or marine corps of the United States in time of war or insurrection" as those words are used in the statute. It admitted the facts alleged, but denied that the discharge referred to was an honorable discharge within the meaning of the statute. No evidence is reported. The case was heard on petition and answer. The petition was ordered dismissed. The petitioner excepted, and the case is here upon his bill of exceptions. On this record no error appears. The order is justified in the absence of any proof that when inducted the petitioner was a citizen of the Commonwealth, or that he had resided in the Commonwealth for five successive years prior to his application. The broader proposition however has been argued that by the admitted induction and the certificate of discharge, it appears that the petitioner has served in the army of the United States in time of war, has been honorably discharged therefrom and, therefore, is entitled to the preference as a veteran under the statute.

The admitted facts are perfectly consistent with a history that the petitioner was drafted under the selective service act of the United States, was ordered to report at Camp Devens by virtue of this draft, was there found to be physically unfit for service and was discharged — all within eight days. No acceptance as a member of the army appears. Does such a history make out that the

petitioner has "served in the army . . . of the United States in time of war or insurrection" within the fair interpretation of the statute?  The period, September 21–29, 1917, was a time of war; and we assume, in the absence of other evidence, that the discharge must be taken to have been honorable.  *Brockton* v. *Uxbridge*, 138 Mass. 292, 295.

No case deciding the interpretation to be given to the word "served" in our statutes referred to has been called to our attention, and we find none.  In substance, the petitioner's contention is that it means: has been subject to control as a member of the army, navy or marine corps of the United States — while the respondent's gives it the meaning: has performed duty (rendered service in aid, comfort or assistance) for the United States as a member of its army, navy or marine corps.  From the time of the order to report until the discharge, the petitioner may have been subject to punishment by military law for failure to obey, and thus have been in the "service" of the United States within the meaning which he seeks to attach to the word.  He may, even, though this does not appear, have been notified when ordered to report, that, from and after the notice, "you will be a soldier in the military service of the United States."  (See *Hurley* v. *Crawley*, 50 Fed. Rep. (2d) 1010, 1011; *Bannister* v. *Soldiers' Bonus Board*, 43 R. I. 346, 348.)  Nevertheless, we think our Legislatures in using the word had no intent to recognize such a history as basis for the title of veteran, or as ground for preference in the public service.  We think the Legislature had in mind participation in situations where army, navy and marine corps were engaged in performing the objects for which they were called into being and the individual members were acting their several parts.  So understood, service is not necessarily confined to combat with enemy forces.  The essential characteristic of the conduct which constituted the basis for the preference given in the line of statutes which we have referred to has been service performed in the army or navy.  The beneficiary has been the man who

"served," not merely one who has been "mustered in" or "inducted." In the case chiefly relied upon by the petitioner, *Hurley* v. *Crawley,* 50 Fed. Rep. (2d) 1010, in the Court of Appeals of the District of Columbia, *Crawley* v. *Hurley,* 58 Wash. L. R. 754, in the Supreme Court of the District, stress is laid on the work done by the petitioner in assisting in hospital duty during an epidemic of influenza, under orders from officers of the depot corps with which he was connected during the period between the order to report on September 2 and his discharge for disability on November 9. The decision dealt with a Federal statute giving a preference to "soldiers, sailors and marines," and goes upon the ground that the petitioner was a "soldier" within the meaning of the statute from the date of notice to report after being drafted. It is not controlling here. In *Bannister* v. *Soldiers' Bonus Board,* 43 R. I. 346, relied upon by the respondent, the decision turns upon the words "mustered into the federal service." It holds that one who was drafted in Rhode Island, ordered to report at Fort Sam Houston, Texas, on March 18, 1918, and there, on March 28, 1918, discharged for disability cannot obtain a bonus granted to enlisted men who were mustered into the Federal service and reported for active duty. That decision cannot be regarded as authority for the broad proposition that one inducted but promptly rejected as unfit cannot be said to have been in the service of the United States. We think there is force, however, in the court's conviction that, under an act entitled: "An Act in recognition of the patriotic services of residents of the State who served in the Army and Navy of the United States during the war with Germany," a Legislature could not properly be taken to have intended to provide a bonus for one whose experience "never brought him to the stage where it was possible for the army or navy department to order him to attack the enemy or endure other perils of war." Page 351. In *French* v. *Sangerville,* 55 Maine, 69, *Mahoney* v. *Lincolnville,* 56 Maine, 450, and *Reed* v. *Sharon,* 35 Conn. 191, decided after the draft acts of the Civil War,

the courts refused to regard a drafted man as in the service of the United States until by some act such as enrolling or mustering in the man had been accepted as a member of the military or naval forces. We think such was the law in the minds of our legislators.

The provisos declaring who shall not be taken to be a veteran, added to the section of definition in 1919, cannot properly be held to give a new meaning to the words used in the earlier enactments. It may be that a new and different significance has come to be attached to the words "serve" and "service" in part as a result of the Great War, but such later interpretation should not be put upon them without a clearer indication of legislative intent. A new meaning cannot be given to the words of an old statute in consequence of the changed conditions of a time later than the enactment of that statute. *Libby* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 522. We cannot believe the Legislature intended to make such change here, and to recognize induction by order to report after draft, and discharge for disability without prior acceptance as a member of the forces of the United States, as sufficient to entitle one to claim to be a person "who has served in the army, navy or marine corps of the United States" or a "veteran" within the meaning of our statutes. Compare *Scott* v. *Commissioner of Civil Service,* 272 Mass. 237.

The order for disposition of the petition here made was not only a ruling of law, but also a finding of fact. It follows from what has been said that the proof here made did not require a different finding. As there was no error, our order must be

*Exceptions overruled.*