In the Matter of the Application of MICHAEL DONOHUE for an Order against IRVING V. A. HUIE, as Commissioner of Public Works of the City of New York, and Others, Respondents.

Supreme Court, Special Term, New York County, February 26, 1940.

*Saypol & Kotler* [*Irving H. Saypol* and *Leo Kotler* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Robert H. Schaffer* and *George G. Gallantz* of counsel], for the respondents.

LEVY, J. In the court's opinion Grun is not " an honorably discharged soldier * * * *having served as such* in the army * * * of the United States during * * * the World war " (italics supplied) within the meaning of section 22 of the Civil Service Law. Although he was in the military service of the

United States from the time of his induction by the local draft board and subject to punishment by military law for failure to obey military orders, he never served as a soldier, having been rejected for physical disqualifications when he reached the camp to which he had been directed by the local draft board to report. In *Dunn* v. *Commissioner of Civil Service* (281 Mass. 376, 380; 183 N. E. 889) a statute conferring a preference upon a person " who has served in the army * * * of the United States in time of war * * * and been honorably discharged therefrom " was held to be inapplicable to the petitioner in that case who had been inducted into the military service of the United States by a local draft board only to be rejected and discharged upon his arrival at a training camp for physical disability. The court said (at p. 380): " From the time of the order to report until the discharge, the petitioner may have been subject to punishment by military law for failure to obey, and thus have been in the ' service ' of the United States within the meaning which he seeks to attach to the word. He may, even, though this does not appear, have been notified when ordered to report, that, from and after the notice, ' you will be a soldier in the military service of the United States.' See *Hurley* v. *Crawley*, 50 F. (2d) 1010, 1011; *Bannister* v. *Soldiers' Bonus Board*, 43 R. I. 346, 348. Nevertheless, we think our Legislatures in using the word had no intent to recognize such a history as basis for the title of veteran, or as ground for preference in the public service. We think the Legislature had in mind participation in situations where army, navy and marine corps were engaged in performing the objects for which they were called into being and the individual members were acting their several parts. So understood, service is not necessarily confined to combat with enemy forces. The essential characteristic of the conduct which constituted the basis for the preference given in the line of statutes which we have referred to has been service performed in the army or navy. The beneficiary has been the man who ' served,' not merely one who has been ' mustered in ' or ' inducted.' In the case chiefly relied upon by the petitioner, *Hurley* v. *Crawley*, 50 F. (2d) 1010, in the Court of Appeals of the District of Columbia, *Crawley* v. *Hurley*, 58 Wash. L. R. 754, in the Supreme Court of the District, stress is laid on the work done by the petitioner in assisting in hospital duty during an epidemic of influenza, under orders from officers of the depot corps with which he was connected during the period between the order to report on September 2 and his discharge for disability on November 9. The decision dealt with a Federal statute giving a preference to ' soldiers, sailors and marines,' and goes upon the **ground**

that the petitioner was a ' soldier ' within the meaning of the statute from the date of notice to report after being drafted. It is not controlling here."

The reasoning of the Massachusetts court is equally applicable in the present case. Never having *served* as a soldier in the World war, Grun was not entitled, upon the abolition of his position, to the transfer to a similar position in another branch of the civil service authorized by subdivision 1 of section 22 of the Civil Service Law. It follows that the petitioner is entitled to be appointed to the position of transportation inspector in the board of estimate, bureau of franchises, in place and stead of Grun, and to payment of the salary of said position from July 1, 1939, subject to the provisions of section 23 of the Civil Service Law, and the motion is, accordingly, granted to such extent.

Settle order.