**UNITED STATES ex rel. HOCE v. McGIN-NIS, United States Marshal.**

No. 5325.

Circuit Court of Appeals, Fourth Circuit.

Dec. 6, 1944.

Horace S. Meldahl, of Charleston, W. Va., for appellant.

Herman L. Bennett, Asst. U. S. Atty., of Charleston, W. Va. (Leslie E. Given, U. S. Atty., of Charleston, W. Va., and N. T. Elliff, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from an order refusing to release appellant on writ of habeas corpus. Appellant was a registrant under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq., and was classified 1-A by his draft board. He was ordered to report for induction and failed to comply with the order, whereupon he was arrested by the United States Marshall on a warrant issued by a United States Commissioner charging him with criminal violation of the act in failing to report for induction. The writ of habeas corpus was directed to the Marshal by whom petitioner was held under the warrant. Appellant, who is a member of Jehovah's Witnesses, claimed that he should have been classified as a minister and that the order of the draft board classifying him otherwise and requiring him to report for induction was void; that he had substantially complied with the provisions of the act requiring him to report for induction as a prerequisite to testing the validity of the Board's order; and that he was entitled to test the validity of the order by writ directed to the Marshal by whom he was held under the criminal charge.

The trouble with appellant's position is that he assumes that because he would have been entitled to test the validity of the Board's order by habeas corpus addressed to the military authorities, if he had complied with the requirements of the act and exhausted his administrative remedies thereunder (Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346; Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737), he is entitled to assert the invalidity of the order as a defense to the charge of crime and to test its validity in advance of trial by habeas corpus directed to the Marshal by whom he is held in custody. It is perfectly clear that habeas corpus may not be used for such purpose. It is settled that the invalidity of the draft board's order cannot be asserted as a defense on the trial of a criminal charge for failing to report as required by the act. Falbo v. United States, supra. A fortiori, it cannot be asserted in advance of trial to secure release from custody on such charges. Cf. United States ex rel. Lohrberg v. Nicholson, 4 Cir., 141 F.2d 689.

The record in this case shows that appellant attempted to comply with the order of the draft board to the extent necessary to secure a review of the order by habeas corpus under the principles laid down in the Falbo and Billings cases,

supra, and that he failed to do so as the result of advice of counsel based upon a mistake of fact. This, however, is a matter to be considered on the hearing of the criminal charge. It furnishes no basis for release on habeas corpus in advance of trial.

Affirmed.