## UNITED STATES ex rel. SELDNER v. MELLIS.

### No. 86.

District Court, M. D. North Carolina, Durham Division.

Feb. 21, 1945.

E. M. Whitman, of Winston Salem, N. C., for plaintiff.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., for defendant.

HAYES, District Judge.

The relator in this case has sought a writ of habeas corpus to test the legality of his imprisonment in the custody of the respondent for violating the regulations of the army, and relies entirely on the case of Billings v. Truesdale, 321 U.S. 542, 64 S.Ct. 737, and alleges that he was never inducted into the armed services of the United States within the meaning of that case.

The facts in this case, however, clearly show that the Billings case has no application. The relator did refuse to take the oath but the army authorities explained to him that it was not essential and that notwithstanding his refusal to take the oath, he was in the army and would be considered as such. Thereupon the relator made application for insurance and applied for benefits for his dependent mother, wore the uniform and in all respects did everything like any other soldier from April 6, 1943, until the day he was brought before this court on this writ, with the exception that on May 10, 1943, he violated some order of his commanding officer and was court-martialed on May 18, 1943, and given a sentence of six months, which was suspended after he had served two months of the time.

On October 28, 1944, he disobeyed an order of his commanding officer for which he was tried and given a sentence of three years at Fort Leavenworth.

While it is true that the relator stated his conscientious objections to the Chairman of the Local Draft Board and to the various commanding officers of the various camps and Forts where he was stationed, nevertheless he obeyed orders as a member of the armed forces within the meaning of the law which took him out of the status as a civilian and placed him under the jurisdiction of the army. It has been held that the selectee is subject to the orders of the Selective Service Board until he has been inducted into the army, and for a violation of its orders must be tried in the District Court of the United States, but after being inducted into the army he is subject to military law. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346; Billings v. Truesdale, 321 U.S. 542, 64 S.Ct. 737. The difficulty seems to arise in determining the exact line of division between the civilian and military authority; when a man ceases to be a civilian and becomes a soldier in the army. It is not difficult to understand the Billings case and determine why he did not become a member of the army, because he not only refused to take the oath but refused to do anything else that was required of him, and immediately challenged the jurisdiction of the military authority over him. Nor is it difficult, in my opinion, to decide when the relator in this case ceased to be a civilian and was inducted into the army. Although he refused to take the oath the relator did everything required of him; he obeyed all orders and conducted himself like all other soldiers, although he did signify his unwillingness to bear arms and refused to do so. The fact that he accepted the status as a soldier from the 6th day of April, 1943, to the 28th day of October, 1944, during all of which time he was in the army except two weeks when he was out on furlough, shows beyond a shadow of a doubt that he recognized himself to be in the army, that he was inducted into it, and his contention now that he was not properly inducted is held to be incompatible with the facts in his case.

Great confusion prevails among those who are conscientiously opposed to war concerning the methods of safeguarding their privileges under the law. Every registrant must fill out his questionnaire and submit his written evidence to his local draft board. If he is dissatisfied

684

with its classification, he should exhaust his remedies by appeal to the Appeal Board. If he is again denied his supposed proper classification, he is required to obey the orders of the local board in every respect until he is actually accepted by induction into the army. He should immediately apply for a writ of habeas corpus which will give him his first chance to test the action of his local board. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346. If he fails to obey the orders of the local board until he is inducted into the army he is subject to prosecution in the Federal Court. Billings v. Truesdale, 321 U.S. 542, 64 S. Ct. 737. When prosecuted in the federal court for disobeying the orders of the local board, he can not defend by challenging the action of the local board. His only way to question its action is by habeas corpus proceeding after he is inducted into the armed services. Falbo v. United States, supra; United States ex rel. Hoce v. McGinnis, 4 Cir., 146 F.2d 851. He does not violate military law and therefore is not subject to court martial until he is actually inducted. Billings v. Truesdale, supra.

Once the selectee becomes inducted as a member of the armed services, he becomes subject to military law and to the penalties for disobedience. It is therefore essential that he must accept the penalties of military law unless he promptly tests his status by habeas corpus. He can not be both a civilian and a soldier. When he becomes a soldier he comes under military law and is no longer under the civilian laws of the Selective Service Act, 50 U.S. C.A. Appendix § 301 et seq. It follows that he can not become a quasi soldier by obeying such orders as his conscience approves and disobeying those to which he objects. The army can not operate efficiently if its members are each to decide for himself what he will do. By acquiescing with the army's acceptance of him as a soldier, he will be deemed to have waived his right to challenge the action of his local board who rejects his classification as a conscientious objector. Mayborn v. Heflebower, 5 Cir., 145 F.2d 864.

The writ of habeas corpus is, except in rare cases, discretionary and will not be granted, except in void proceedings or in very exceptional circumstances. Unless the registrant wants to run the risk of waiving his opportunity to secure the writ, United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476–481, he ought to apply for the writ promptly.

The writ here is denied and the petitioner is remanded.