29 So.2d 347

**MERCHANTS NAT. BANK OF MOBILE v. COMMONWEALTH LIFE INS. CO.**

I Div. 529.

Court of Appeals of Alabama.

June 10, 1946.

Rehearing Denied Aug. 1, 1946.

510

McCorvey, Turner & Rogers, of Mobile, for appellee.

Vickers, Leigh & Thornton, of Mobile, for appellant.

BRICKEN, Presiding Judge.

The Commonwealth Life Insurance Company of Louisville, Kentucky, issued a policy of insurance on the life of Eugene J. George on May 17, 1935, in the face amount of $1,000 with a provision for double indemnity in certain circumstances, the double indemnity provision of the policy being in the following language:

"The Commonwealth Life Insurance Company of Louisville, Kentucky, in consideration of an additional premium of $1.-05, which is included in the premium stated on the face of this Policy, payable at the same time and under the same condition as the regular premium, will pay double

the sum of this Policy or Two Thousand Dollars, in lieu of all other benefits, upon receipt of due proof * * *

"This provision for Double Indemnity Benefits shall be void and shall not apply if the death of the Insured has resulted (a) from self destruction * * * (b) from bodily injury inflicted by the Insured * * * (and other enumerated causes of death) * * *

"The provision for Double Indemnity Benefits shall cease to be in force * * * (b) if the Insured engages in military or naval service in time of war * * *

"Whenever this provision shall become inoperative, the additional charge therefor shall no longer be payable, but acceptance by the Company of the additional premium, should the Double Indemnity Benefits cease to be in force on account of any of the conditions named above, shall not constitute a waiver of such restrictions and premiums so collected will be returned on demand."

The policy was in force and effect at the time of the death of Mr. George on November 22, 1944.

In 1943 Mr. George created a trust for the benefit of his wife and others and made the insurance policy payable into this trust. The Insurance Company accepted this assignment. The Merchants National Bank of Mobile was made trustee under this trust.

On November 14, 1944, Mr. George was inducted into the United States Army and stationed at Hattiesburg, Miss. On November 18, 1944, Mr. George was granted a weekend leave and while on leave to visit his wife in Biloxi, Miss., and while driving his own car from Hattiesburg to Biloxi, Mr. George's car struck a bridge abutment and he was injured so severely that as a result of the injuries he died on November 22, 1944.

The case was tried in the court below on an agreed statement of facts, which we have summarized. The trial court rendered a judgment in favor of the Insurance Company and the Bank, as trustee, appealed.

The problem presented by the record is whether the double indemnity benefits were forfeited by reason of the provision in the policy: "The provision for Double Indemnity shall cease to be in force * * * (b) if said insured engages in military or naval service in time of war. * * *."

The court below held that under this provision the double indemnity benefits were not payable since Mr. George was in the military service at the time of his death, although he was on leave at the time he received the injuries that resulted in his death.

It is axiomatic that a provision of the kind quoted must be construed most strongly against the insurance company. The condition imposed, whereby double indemnity benefits cease to be in force, is: "If the insured engages in military or naval service." The policy does not provide that double indemnity benefits cease merely because the insured is inducted into the service. The inhibition is against engaging in military or naval service. A member of the military or naval service may be in line of duty at the time he is injured, without "engaging in military service" and may be inducted into the service without "engaging in the military service."

"Induction is completed upon acceptance by the government of the draftee. United States ex rel. Diamond v. Smith, D.C., 46 F.Supp. 607, 609. Ex parte Billings, D.C., 46 F.Supp. 663, 668.

One inducted into the military service may never engage in military service.

We construe the double indemnity provision to mean that the double indemnity benefits cease while the insured engages in military or naval service in time of war, but such benefits do not cease, nor are they suspended by a mere induction into the military or naval service. There being no evidence that the insured was engaged in military or naval service at the time of his death, or that he had ever engaged in such service prior to his death, the opinion here prevails that the judgment appealed from was erroneously rendered. It should be, and is, reversed, and a judgment here rendered in favor of appellant.

Reversed and rendered.

HARWOOD, Judge (dissenting).

The deceased was without question on active duty in the Army of the United

States at the time of his death. The fact that he was on a three day pass, entitling him to be absent from Camp Shelby and to travel as far as Biloxi, Mississippi, in no way relieved him from military jurisdiction. His death was in line of duty and was so officially declared by the War Department.

In Webster's New International Dictionary, Second Edition, the verb engage is defined to mean: "To entangle, to involve; to cause to stick fast."

From the moment the deceased was sworn in as a soldier in the army he was "entangled," "involved," or "stuck fast" in military service, or in other words, "engaged" in military service in time of war, and he remained so engaged until death or discharge. That such was his status is clear from the agreed statement of facts in this case.

This was specifically the contingency for which the insurer sought to abrogate the double indemnity provision of the policy. This it did in language which is to the writer clear and unambiguous.

For this reason it is my opinion that the judgment of the lower court is correct and should be affirmed. Perforce, I dissent from the opinion of Judge Bricken.

## On Rehearing.

BRICKEN, Presiding Judge.

The appellee very plausibly argues that we were in error in holding that there was not sufficient evidence that the insured was engaged in military or naval service at the time of his death, or that he had ever engaged in such military service prior to his death, and in support of that argument emphasizes that a portion of agreed statement of facts in the record is to this effect.

"That said Eugene J. George was ordered to and did report for active duty in said army * * * on the 14th day of November, 1944, * * * and thereupon entered into military service of the United States. During all of the period from the time he was inducted as aforesaid until the time of his death, as stated hereinabove, the said Eugene J. George continued to be in said military service on active duty as a soldier in said army and subject to the rules and regulations of said army."

Appellee frankly admits in its brief that: "It is true that the agreed statement of facts does not attempt to set forth in detail specific acts performed by the insured in the military service after the time of his induction. However, it is clear that the statement that insured 'continued to be in said military service, on active duty as a soldier in said army, and subject to the rules and regulations of said army' is sufficient to include all of the particular acts in which a soldier engages while in the military service."

In our consideration of this case, we are limited to the record. That record does not set forth any act performed by the insured that might be classed as engaged in military or naval service. The words "on active duty as a soldier in said army" describes a status. A soldier may be on active duty without performing any military service. He may be on leave and still have the status of "active duty." To say that a soldier was on active duty means no more than to say that such was his status. It does not mean that he was actually engaged in or had ever actually engaged in performing any military service.

We have not undertaken to specify the particular acts that must be performed in order to hold that one was engaged in military or naval service. That is unnecessary. If the appellee in this case was to escape liability under the provision in the policy relating to suspension of double indemnity, it was incumbent upon the appellee to make good its claim that the double indemnity cease to be in force because the insured engaged in military or naval service in time of war. The appellee undertook to do that by relying upon the agreed statement of facts containing the recital we have quoted. Our ruling is the showing was insufficient.

"Inducted into the military service" is not synonymous with "engaged in military or naval service in time of war." Had the appellee intended that mere induction into the service had the effect of sustaining the double indemnity provision, it could have used the words "if the insured is inducted into military service" instead of the words "if the insured engages in military service." This it did not do and we

are not at liberty to construe the provisions as synonymous. A person may be accepted by the Government for military service and remain wholly inactive so far as military service is concerned. It is not our purpose to speculate upon what the deceased did. We are not informed by this record that the deceased engaged in military or naval service in time of war, and for that reason, the provision for double indemnity benefits did not cease to be in force.

The application for rehearing is overruled.

HARWOOD, J., dissents.