People of the State of Illinois, ex rel. Walter C. Dietz, Plaintiff-Appellee, v. Dolores Sheehan, President, and Albert W. Williams and John J. Ahern, members of and constituting the Civil Service Commission of Chicago, Defendants-Appellants.

Gen. No. 47,648.

First District, First Division.
November 2, 1959.
Released for publication November 4, 1959.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, and Harry H. Pollack, Assistant Corporation Counsel, of counsel) for defendants-appellants.

Michael F. Ryan, of Chicago, (Richard F. McPartlin, Jr., of counsel) for plaintiff-appellee.

PER CURIAM.
This is a petition for a writ of mandamus to compel the Civil Service Commission of Chicago to grant the relator, Walter Dietz, an additional six-tenths of a point credit for military service in a civil service pro-

motional examination for police sergeant. The Circuit Court of Cook County granted the writ on a motion for judgment on the pleadings.

The facts are undisputed. Dietz, who was a patrolman, was inducted into the Army on December 7, 1943, and ordered to report for duty on December 28, 1943. He continued working as a policeman until December 24, 1943, when he was granted a military leave of absence. On the date ordered he reported for military service and served until December 19, 1945. In January 1946, he returned to his job as patrolman.

In 1948 Dietz took a promotional examination for police sergeant and passed. The list was posted in 1952. When he presented proof of his military service he was given 2.4 points military credit based upon 24 months service computed from December 28, 1943 to December 19, 1945, and was advanced on the eligible list.

In December 1957, the relator filed a complaint for mandamus asserting that his period of military service should have been computed from the date of his induction rather than from the date he reported for service and that he was entitled to 3.0 rather than 2.4 points military credit. He alleged that he had requested the Civil Service Commission to grant him the additional six-tenths of a point and that the commission refused. At the time he filed the suit he was 93½ on the sergeants' list, and if the additional credit had been given him he would have advanced to the top of the list.

The principal question involved in this appeal is whether the relator is entitled to military credit for the interval between December 7 and 28, 1943.

The Cities Civil Service Act, ch. 24½, § 49, Ill. Rev. Stat. 1957, provides in part:

"Every certified Civil Service employee who was called to or who volunteered for, the military or naval

123

service of the United States at any time during the years specified in this Act, . . . and who were honorably discharged therefrom . . . and whose names appear on existing promotional eligible registers or any promotional eligible register that may hereafter be created, . . . shall be preferred for promotional appointment. . .

"The Civil Service Commission shall give preference for promotional appointment to persons as hereinabove designated . . . by adding to the final grade average which they received or will receive as the result of any promotional examination . . . six-tenths of one point for each 6 months or fraction thereof of military or naval service not exceeding 30 months."

The respondents contend that "military service" for which credit is granted covers only that period during which the relator was actually in active military service and commenced when he reported for duty.

Dietz was inducted into the Army and placed under orders on December 7, 1943. From the moment of induction he was a member of the Armed Forces and subject to the jurisdiction of the military. Billings v. Truesdell, 321 U. S. 542; Franke v. Murray, 248 Fed. 865; United States ex rel. Seldner v. Mellis, 59 F. Supp. 682. The fact that an inductee is given a two-week period before reporting for duty in no way alters his status as a member of the Armed Forces or as being in the military service. The changeover from civilian to military status occurs at the moment of induction. The period between induction and reporting for service is comparable to a period of leave during which a member of the Armed Forces remains in military service although he goes about his private business or pleasure. Merchants Nat. Bank of Mobile v. Commonwealth Life Ins. Co., 32 Ala. App. 509, 29 So.2d 350 (1947).

On the date Dietz was inducted he was given orders to report for active duty on December 28, 1943. Unless he was in military service on December 7, 1943, the military authorities would have had no jurisdiction to give him an order of any kind. The statute does not use the words "actual service" as were used in the rule of the Civil Service Commission considered in the case of People ex rel. Dragel v. O'Connor, 10 Ill.App. 2d 196; we hold that military service under the statute covers the period of time during which a civil service employee is subject to military jurisdiction. The period for which credit should be granted is the period from induction to honorable discharge.

The defense of laches was advanced by the respondents. In their pleadings they alleged that Dietz had presented his claim for military credit in April 1952, when the result of the examination was posted, and that he did not apply for the additional credit until 1957. The relator did not controvert this allegation.

In our original opinion we sustained this defense. We stated: "The governing statute, § 49, ch. 24½, Ill. Rev. Stat. 1957, provides: 'An eligible entitled thereto may claim such credit for such military preference at any time while said list is in force and effect.' Under this statute the relator had the right to claim his military credit any time during the pendency of the sergeants' list. This he did. He availed himself of this right when he presented the proof of his military service after the eligible list was posted. If he thought the credit then given him of 2.4 points was inaccurate he should have objected within a reasonable time and should have speedily prosecuted any claim resulting from the allowance or disallowance of the credits. Laches is a bar to review of actions of the Civil Service Commission. The delay of five years by Dietz between receiving his military credit and instituting his mandamus suit for the additional six-

tenths credit is unjustified. His instant claim was not seasonably brought nor diligently prosecuted and is therefore barred."

Subsequent developments have disclosed that a mutual mistake was made by the parties. In their petition for a rehearing the attorneys for Dietz said that they had learned that he did not claim his military credit in 1952; they said they had accepted as correct this allegation of the Civil Service Commission but had since ascertained that it was inaccurate. In their answer to the petition the respondents acknowledge the mistake. They said:

"The records of the Civil Service Commission of the City of Chicago disclose that Walter C. Dietz did not file for a military preference on April 23, 1952. According to the records of the Commission, the first time Walter C. Dietz filed for military credit was on May 16, 1957, at which time he was given 2.4 military credit."

This admission of error makes it clear that there was no delay; Dietz pressed for the 3.0 points immediately after being allowed the lesser number, and his present suit was started when his demand was denied. Thus, Dietz was not guilty of laches and his claim is not barred. The judgment of the Circuit Court is therefore affirmed.

Affirmed.