CHESTER GAINES, Plaintiff-Appellant, *v.* CITY OF ROCKFORD FIRE AND POLICE COMMISSION, Defendant-Appellee.

Second District   No. 78-16

Opinion filed April 19, 1979.

Spiezer & Thorsen, of Rockford, for appellant.

A. Curtis Washburn and Stephen W. McCarty, both of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant appeals from the ruling of the trial court dismissing his petition for a writ of mandamus to compel the Rockford Fire and Police Commission to allow him military "points" in his examination for police sergeant and granting summary judgment against the plaintiff on his complaint for damages.

The plaintiff, an employee of the Rockford Police Department, took the Civil Service examination for sergeant on June 9, 1974, and placed eighth on the promotional list. He contends that he is entitled to military "points"—that is, a credit for his service in the National Guard—and that if he had been credited with such "points" his ranking would have been fifth, instead of eighth, resulting in his promotion to sergeant since the top six candidates were promoted.

The statute which the plaintiff invokes as the basis for his complaint is section 10—2.1—10 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—10), which reads as follows:

> "Every member of the classified service of the fire or police department of any municipality coming under the provisions of this Division 2.1 who was engaged in a military or naval service of the United States at any time for a period of one year and who was honorably discharged therefrom, who is now or who may hereafter be on inactive or reserve duty in such military or naval service, not including, however, persons who were convicted by court-martial of disobedience of orders where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, and whose name appears on existing promotional eligibility registers or any promotional eligibility register that may hereafter be created as provided for by this Division 2.1 shall be preferred for promotional appointments of the fire or police department of any municipality coming under the provisions of this Division 2.1."

In his appellate brief the plaintiff also refers to section 10—2.1—8 of the same act, which provides:

> "Persons who have successfully completed 2 years of study in

fire techniques within the cadet program established under the rules of the Fire and Police Commission of any municipality and persons who were engaged in the military or naval service of the United States for a period of at least one year and who were honorably discharged therefrom, or who are now or may hereafter be on inactive or reserve duty in such military or naval service (not including, however, in the case of offices, positions and places of employment in the police department, persons who were convicted by court-martial of disobedience of orders, where such disobedience consisted in the refusal to perform military service on the ground of religious or conscientious objections against war) shall be preferred for appointments to offices, positions, and places of employment in the fire and police departments of the municipality coming under the provisions of this Division 2.1.

This amendatory Act of 1973 does not apply to any municipality which is a home rule unit." (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—8.)

It will be noted that section 10—2.1—8 apparently refers to preference in *hiring*, while section 10—2.1—10 refers to preference in grading the civil service examinations for promotion.

The trial court held that actual military service in the United States Armed Forces was required for military points and that the plaintiff's service from 1967 to 1970 in the National Guard did not entitle him to such preference. The court granted the defendant's motion for summary judgment.

In this appeal the plaintiff argues that section 10—2.1—8 of the Act is inconsistent with section 10—2.1—10 in that the former section inserts the conjunction "or" between the words "who were honorably discharged therefrom" and the phrase "who are now or may hereafter be on inactive or reserve duty in such military or naval service * * * ." Thus, he says, section 10—2.1—8 denotes an alternative to the qualification of military or naval service of the United States, followed by honorable discharge therefrom, such alternative being service on inactive or reserve duty. Since, he argues, it is logical to assume that section 10—2.1—10 was intended to track with section 10—2.1—8, the lack of the conjunction "or" in the former statute may be treated as a mere inadvertence, or the comma between the word "therefrom" and the word "who" may be treated as a conjunction meaning "or." Thus rendered, says the plaintiff, the statutes are identical and the obvious meaning is that for both hiring and promotion, service in the inactive reserve qualifies one for military preference in the examination.

We do not read this statute in that manner. Regardless of the presence of the conjunction "or" in section 10—2.1—8, as compared with

a comma in the same place in section 10—2.1—10, we read the statute as requiring the applicant to have been engaged in a military or naval service of the United States for a period of one year in either case. It seems clear to us that the primary requirement is military or naval service in the forces of the United States. We construe this to be active service. There is another corollary qualification—the applicant for military preference must (a) have been honorably discharged or (b) if not honorably discharged, have an inactive status in the reserves in lieu thereof. Apparently, a pending application for transfer to the inactive reserve or National Guard, following active military service would be sufficient in lieu of such actual status at the time of taking the examination. In that regard it should be noted that the plaintiff does not qualify at all, since his reserve status ended some 3½ years prior to his application for military preference. He was not in the reserves at the time he took the examination, nor was there any indication that he might thereafter be on inactive military duty. Historically it is interesting to note that the 1967 wording of the statute referred specifically to service during the period of the Korean War, which language was dropped in 1969 and thereafter. However, the intent is obviously the same—to give preference to those who served in active duty in the United States forces.

In any event, however, we read both sections as requiring first of all, active duty in the military or naval service of the United States, and the following language of the Act as merely indicating an alternative to an honorable discharge, where the applicant elects to remain on inactive or reserved duty.

We believe the trial court correctly interpreted the statute, and we affirm the judgment of the circuit court of Winnebago County.

Judgment affirmed.

GUILD, P. J. and WOODWARD, J., concur.