ANDREW K. HERBERT *et al.*, Plaintiffs-Appellants, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF ROLLING MEADOWS, Defendant-Appellee.

First District (2nd Division)    No. 80-1976

Opinion filed June 30, 1981.

Stanley H. Jakala, of Berwyn, for appellants.

Donald M. Rose, Ltd., of Rolling Meadows, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiffs Andrew K. Herbert (Herbert) and John A. Drezen (Drezen) filed a single action for (1) declaratory judgment that their service in the Illinois National Guard, and Drezen's service in the United States Army Reserve, be decreed "service in the United States Army;" and (2) a writ of *mandamus* ordering defendant Board of Fire and Police Commissioners of the City of Rolling Meadows (the Board) to apply preferential points allegedly earned from such military service to rankings on a police department promotional list. The Board filed a motion to strike and

dismiss the complaint. After receiving memoranda from the parties and hearing oral argument, the circuit court granted the Board's motion and ordered the complaint stricken with prejudice.

In appealing this decision, Herbert and Drezen ask this court to decide whether service in the Illinois National Guard or the United States Army Reserve comes within the ambit of the statute which grants promotional preference to those having engaged in "a military or naval service of the United States."[1]

Herbert and Drezen are members of the police department of the city of Rolling Meadows. Sometime in 1979, each man took a sergeant's eligibility examination. Herbert requested that he receive preference points pursuant to the quoted statute for his service in the Illinois National Guard for over 9 years ending in 1957. Drezen requested points under the same statute for his service in the Illinois National Guard from 1958 through 1963 and service in the United States Army Reserve during parts of 1963 and 1964. Herbert's request was denied outright; Drezen's was initially granted but was later rescinded. The final sergeant's eligibility list, published in October 16, 1979, listed Drezen in position 5 and Herbert in position 6. Apparently this left both below the cutoff level for promotion. On December 11, 1979, the instant action was instituted to contest these results.

I

■■ Our resolution of this appeal will be dictated by our construction of the statutory provision involved and by application thereof to be specific facts of this case. The statute lacks a legislative history to guide our interpretation efforts. Consequently, our focus turns to other principles of statutory construction. The controlling principle in the present circumstances is that which directs words in a statute should be given their plain, commonly understood meaning in the absence of an indication of legislative intent to the contrary. *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194, 381 N.E.2d 222; *Miller v. Department of Public Aid* (1981), 94 Ill. App. 3d 11, 17, 418 N.E.2d 178.

When the statute under scrutiny is read precisely as it is worded, the

---

[1] The statute in question reads:

"Every member of the classified service of the fire or police department of any municipality coming under the provisions of this Division 2.1 who was engaged in a military or naval service of the United States at any time for a period of one year and who was honorably discharged therefrom, who is now or who may hereafter be on inactive or reserve duty in such military or naval service, ° ° ° and whose name appears on existing promotional eligibility registers or any promotional eligibility register that may hereafter be created as provided for by this Division 2.1 shall be preferred for promotional appointments of the fire and police department of any municipality coming under the provisions of this Division 2.1." Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—10.

following four requirements are discerned which an applicant must meet in order to be eligible for preference thereunder. The applicant must have:

>   (1) engaged in some type of military service or naval service "of the United States" at any time for a one year period;
>   (2) received an honorable discharge from such service;
>   (3) entered into inactive or reserve duty in such service at some point thereafter for any amount of time; and
>   (4) appeared on a qualified promotional eligibility roster.

In our view, as will be discussed, the applicant must meet each and every one of these entitlement requisites.

We note the existence of a Second District decision, *Gaines v. City of Rockford Fire & Police Com.* (1979), 71 Ill. App. 3d 64, 389 N.E.2d 3, which addresses the same subject matter. That court construed the statute to primarily require the applicant to have been engaged in "active" military or naval service of the United States for a period of at least one year. No explicit rationale supporting the holding that the service need have been "active" was set forth. As a corollary qualification, either the applicant's honorable discharge from such active service or his entry into an "inactive status in the reserves" must have been shown, according to the Second District's reading of the provision. The court made no mention of the requirement that the applicant's name appear on a promotional eligibility roster.

Although nothing in the explicit language of the statute indicates that the service required must have been "active" service, and despite the absence of any rationale to support the *Gaines* holding that such is in fact the intent of the legislature, we agree with that segment of *Gaines*. First, we point to the antecedent statutory provisions to the present version. Upon enactment in 1945, the promotional preference provision (then combined with the veteran's preference provision now found at Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—8) referred to specific time frames, all of which were periods in which the United States was at war, in delimiting the type of "military or naval service of the United States" which was a requisite to eligibility for the statutory benefit. (See 1945 Ill. Laws 520-21, §14—6.2) The section emerged in its present form, referring only to service "at any time for a period of one year," in 1969. (Ill. Rev. Stat. 1969, ch. 24, par. 10—2.1—10.) In our opinion, this history of the provision shows that the legislature was and continues to be concerned with providing benefits to those who have served the United States in "active service." Previously, such active service must have occurred during certain specified years; as presently structured, the statute requires only active service on one year's duration performed at any time. Second, a construction which allowed *any* type of service, as opposed to only active

service, would create an anomaly in the statute. Conceivably, under such a construction, an applicant who engaged only in an inactive service of the United States for one year and who was honorably discharged from such service would be required to reenlist in such inactive service after discharge in order to acquire the statute's benefit. This is an irrational situation. Since legislation is presumed not to involve unjust, absurd, or unreasonable consequences (*Airdo v. Village of Westchester ex rel. Clark* (1981), 95 Ill. App. 3d 568), in order to avoid such consequences we construe the statute to require "active" service.[2]

■■ We do disagree with that portion of the *Gaines* decision which holds that an applicant need meet only one or the other of the requirements of (a) honorable discharge and (b) inactive or reserve duty. The structure of the statute is conjunctive in nature, with three clauses separated by a comma and the conjunction "and" appearing between the second and third clauses. In our view, this structure necessitates an applicant *both* to have been discharged honorably from active service *and* to have entered into inactive or reserve status in that service sometime thereafter.

We must next apply the requirements which we have discerned in the statute to the circumstances of the two applicants before us in this case. Herbert alleged service in the Illinois National Guard for 9 years between 1947 and 1957, including 3½ months of active duty in 1947. No other military or naval service of any kind is alleged. As can be seen, Herbert has failed to allege the requisite one-year period of active service.[3] Therefore, regardless of whether service for the Illinois National Guard is found to be "service of the United States" as required by the statute, Herbert has not met the intitial requirement for promotional preference and thus cannot be entitled to such statutory benefit. We therefore need not address Herbert's argument on that question.

Drezen alleges that he served in the Illinois National Guard for 6 years and served in the United States Army Reserve ("inactive") for a period from 1963 to 1964. Nowhere in these allegations is there even an inference that these tours of duty involved active service, as required by the statute. Thus, Drezen also has failed to demonstrate that his circumstances satisfy the first step of the legislative provision. Consequently, it is

---

[2] Congress has defined "active duty" to encompass

"full-time duty in the active military service of the United States. It includes duty on the active list, full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned." (10 U.S.C. §101(22) (1976).)

In light of our statute's requirement that the service be "of the United States," this definition is particularly relevant.

[3] We note that National Guard duty becomes active service of the United States only when the unit involved is called into the service of the Federal Government by the President. See *Mela v. Callaway* (S.D.N.Y. 1974), 378 F. Supp. 25, 27-29; *Satcher v. United States* (W.D.S.C. 1952), 101 F. Supp. 919, 920.

unnecessary for this court to address Drezen's argument that service in the United States Army Reserve is service "of the United States," as the answer thereto can in no way entitle Drezen to the statute's benefits.[4]

■■ In conclusion, we find that neither applicant for promotional preferences has alleged sufficient facts demonstrating his entitlement under the relevant statutory provision which we have construed. Therefore, the circuit court committed no error in dismissing their complaint with prejudice. The circuit court's judgment is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.

---

[4] In their appellants' brief, Herbert and Drezen contend that the *Gaines* decision violates equal protection by discriminating between "active military service in the United States Army and military service in the Illinois National Guard and United States Army Reserves." This contention was not raised at the trial level and therefore will not be addressed here.

In their reply brief, Herbert and Drezen assert that denial of the promotional preferences "constitutes a violation of a property interest protected by the Fifth and Fourteenth Amendments ° ° °." This argument apparently involves a due process issue. While this due process matter was obliquely raised in the complaint at the trial level, it was not addressed in the appellants' brief. Consequently, we will not discuss this issue either.