WILLIAM BLAZEJEWSKI, Plaintiff-Appellant, v. THE BOARD OF FIRE
AND POLICE COMMISSIONERS OF THE VILLAGE OF HINSDALE,
Defendant-Appellee.

Second District No. 84—532

Opinion filed June 25, 1985.

George J. Bakalis and Stephen J. Culliton, both of Civinelli, Bakalis &
Culliton, of Bloomingdale, for appellant.

Arthur Thorpe, of Klein, Thorpe & Jenkins, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This appeal presents the issue of whether a police officer in a mu-
nicipality subject to division 2.1 of article 10 of the Illinois Municipal
Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—1 *et seq.*) is entitled to
veterans' preference points on an examination for promotion to the
rank of sergeant under section 10—2.1—11 of the Code (Ill. Rev. Stat.
1983, ch. 24, par. 10—2.1—11) for the period between his induction
into the military service of the United States and the time he re-
ported for duty.

Plaintiff, William Blazejewski, was inducted into the United States Marine Corps on January 26, 1966. He reported for duty on April 4, 1966. Two years later, on April 3, 1968, he was transferred to the Marine Corps Reserve, and subsequently received an honorable discharge on January 26, 1972.

Plaintiff later became a police officer for the village of Hinsdale. He and other police officers for the village took an examination for promotion to the rank of sergeant. On December 18, 1982, the board of fire and police commissioners of the village (the board) posted a preliminary eligibility list for such promotion which rated the officers according to the sum of their composite score on the examination and their seniority points. That list was subject to claims for veterans' preference points. Plaintiff was fourth on this preliminary list, 3.26 points behind the third candidate for promotion. Promotions were to be made from the three officers with the highest rating on the final list.

Section 10—2.1—11 provides, in pertinent part, that a police officer who is a veteran as described in section 10—2.1—10 (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—10) is entitled to additional points in the amount of "7/10 of one point for each 6 months or fraction thereof of military or naval service not exceeding 30 months." The parties do not dispute that the plaintiff was a veteran as described in section 10—2.1—10. Six days after the preliminary eligibility list was posted, the plaintiff submitted a written claim for 3.5 veterans' preference points, which would have made him third on the final eligibility list. The board, however, allowed him only 2.8 points for the 24 months of service he performed after reporting for duty and before being transferred to reserve duty. The board gave him no points for the period between his induction and the time of his reporting for duty. As a result, the plaintiff remained fourth on the final eligibility list which was posted December 29, 1982.

On June 17, 1983, the plaintiff filed an action against the board, seeking a declaratory judgment that he was entitled to 3.5 veterans' preference points, and for a writ of *mandamus* directing the board to award that number of points.

The board's answer admitted the facts alleged in the petition and set forth above, with the exception of the dates of the plaintiff's induction and honorable discharge. The answer affirmatively alleged that the plaintiff commenced active duty with the Marine Corps on the date he reported following his induction, that he concluded his active duty on the date he was transferred to the Marine Corps Reserve, and that he, therefore, had a total of two years of "active ser-

vice." Attached to the board's answer and incorporated therein was a photocopy of the official armed services' report of the plaintiff's discharge from the Marines, which stated that the plaintiff had two years, no months, and no days of "active service."

Plaintiff subsequently filed an affidavit attesting that he was inducted on January 26, 1966, and moved for summary judgment. The board did not file any counteraffidavits, but a motion for judgment on the pleadings. The trial court entered an order denying the plaintiff's motion for summary judgment, granting the board's motion for judgment on the pleadings, and plaintiff has brought this appeal.

Plaintiff argues that the controversy is controlled by *People ex rel. Dietz v. Sheehan* (1959), 23 Ill. App. 2d 122, 162 N.E.2d 258, which involved section 10½ of "An Act to regulate the civil service of cities" (Ill. Rev. Stat. 1957, ch. 24½, par. 49), a statute that was repealed upon the enactment of the Illinois Municipal Code. (1961 Ill. Laws 576.) Section 10½ awarded veterans' preference points to certified civil service employees in connection with promotional examinations. As applicable to *Dietz,* the statute provided for the award of "six-tenths of one point for each 6 months or fraction thereof of military or naval service not exceeding 30 months." Dietz was a police officer for the city of Chicago who took a promotional examination for the rank of sergeant. He sought an award of 3.0 veterans' preference points under the statute but was granted only 2.4 points. He then filed an action for a writ of *mandamus* directing the civil service commission of Chicago to award him the points he requested. At issue was whether the period between his induction into the army and the time he reported for duty should be considered "military service" for which he was entitled to points under the statute. The appellate court held that it was, and, in reaching that conclusion, stated:

> "From the moment of induction he was a member of the Armed Forces and subject to the jurisdiction of the military. [Citations.] The fact that an inductee is given a two-week period before reporting for duty in no way alters his status as a member of the Armed Forces or as being in the military service. The changeover from civilian to military status occurs at the moment of induction. The period between induction and reporting for service is comparable to a period of leave during which a member of the Armed Forces remains in military service although he goes about his private business or pleasure. [Citation.]" (*People ex rel. Dietz v. Sheehan* (1959), 23 Ill. App. 2d 122, 124.)

The court also noted that the statute did not use the words "actual

service" found in a rule of the civil service commission construed in another case. 23 Ill. App. 2d 122, 125.

Other veterans' preference statutes and rules have been construed in similar fashion. In *Hurley v. Crawley* (D.C. Cir., 1931), 50 F.2d 1010, the court held that a man inducted into the military service, who reported for duty as ordered, who helped move cots around in the military hospital, but who was ultimately found physically disqualified for military service, was a "soldier" within the meaning of the applicable provision. In reaching that conclusion, the court placed considerable emphasis on the fact that upon induction, the drafted individual was subject to military punishment by military courts. See also *Donohue v. Huie* (1940), 259 App. Div. 645, 20 N.Y.S.2d 347, *aff'd* (1941), 285 N.Y. 557, 33 N.E.2d 241 (reversing a decision of the trial court (*Donohue v. Huie* (1940), 173 Misc. 362, 17 N.Y.S.2d 962) which had held that a person similarly situated was not "an honorably discharged soldier *** having served as such in the Army *** of the United States during *** the World War" (17 N.Y.S.2d 962, 963) within the meaning of the applicable veterans' preference law); and *Lore v. Forbes* (1939), 173 Misc. 1066, 19 N.Y.S.2d 631, *aff'd* (1940), 259 App. Div. 806, 19 N.Y.S.2d 655. But see *Dunn v. Commissioner of Civil Service* (1933), 281 Mass. 376, 183 N.E. 889 (holding that a similarly situated person had not "served" in the army under the applicable veterans' preference provision); and *City of New York v. City Civil Service Com.* (1983), 60 N.Y.2d 436, 458 N.E.2d 354.

The board urges that we not follow *Dietz,* arguing that the rationale for its holding has been undermined by two subsequent Illinois decisions, *viz, Gaines v. City of Rockford Fire & Police Com.* (1979), 71 Ill. App. 3d 64, 389 N.E.2d 3, and *Herbert v. Board of Fire & Police Commissioners* (1981), 97 Ill. App. 3d 1138, 423 N.E.2d 1298. Those cases involved a construction of section 10—2.1—10 which, as noted above, defines who is a veteran entitled to preference points under section 10—2.1—11. It should be remembered that the board is not challenging plaintiff's status as a veteran under section 10—2.1—10, but that it is arguing that *Gaines* and *Herbert* undermined the rationale of *Dietz.* Section 10—2.1—10 provides:

"Every member of the classified service of the fire or police department of any municipality coming under the provisions of this Division 2.1 who was engaged in a military or naval service of the United States at anytime for a period of one year and who was honorably discharged therefrom, who is now or who may hereafter be on inactive or reserve duty in such military or naval service, not including, however, persons who were con-

victed by court-martial of disobedience of orders where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, and whose name appears on existing promotional eligibility registers or any promotional eligibility register that may hereafter be created as provided for by this Division 2.1 shall be preferred for promotional appointments of the fire or police department of any municipality coming under the provisions of this Division 2.1." (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—10.)

The issue in *Gaines* and *Herbert* was whether the requirement of being "engaged in a military or naval service of the United States at anytime for a period of one year" could be satisfied by inactive reserve duty. The court in each case held that it could not, and that active service was required.

We do not believe that these holdings undermined the decision in *Dietz.* A determination that active service, as opposed to inactive reserve service, is required for veterans' benefits under the statute does not relate to the issue of when military service, of whatever nature, begins. A person inducted into active service but who has not reported, or who has reported but is on leave from his duties, is not in reserve service.

■■ ■ Our conclusion that the holding in *Dietz* is still viable is buttressed by the fact that, since it was decided, our General Assembly has twice reenacted the provision awarding veterans' preference points on promotional examinations conducted by police and fire departments subject to the law, and on each occasion the legislature has used language substantially the same as that construed in *Dietz* to determine the number of points to award. The statute construed in *Dietz* awarded veterans " 'six-tenths of one point for each 6 months or fraction thereof of military or naval service not exceeding 30 months.' " (*People ex rel. Dietz v. Sheehan* (1959), 23 Ill. App. 2d 122, 124.) In 1961 our General Assembly adopted the Illinois Municipal Code (1961 Ill. Laws 576 *et seq.*), which in section 10—2—11 awarded veterans "seven-tenths of one point for each 6 months or fraction thereof of military or naval service not exceeding 30 months." (Ill. Rev. Stat. 1961, ch. 24, par. 10—2—11.) In 1965 the legislature repealed division 2 of the Code and enacted division 2.1 (1965 Ill. Laws 2840), including section 10—2.1—11 which contained the same language. (Ill. Rev. Stat. 1965, ch. 24, par. 10—2.1—11.) The same language is also contained in the statute at issue here. (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—11.) Where a statute is reenacted in sub-

stantially the same language as a former statute which has been judicially construed, the presumption obtains that the General Assembly reenacted the statute in view of such construction. (*People v. Rutledge* (1984), 104 Ill. 2d 394, 472 N.E.2d 438.) We believe that had the legislature disapproved of *Dietz,* it would have indicated in its reenactments of the veterans' preference laws that the time between induction and reporting was not to be counted in determining the length of military service.

The board seeks to distinguish *Dietz* on the basis that there the time between induction and reporting was only three weeks, whereas in the instant case the period was approximately 10 weeks. This distinction is not legally significant. The rationale of the holding in *Dietz* was that a person inducted into the army was a member of the armed forces and subject to the jurisdiction of the military. That rationale is not dependent on the length of the period between induction and reporting.

The board also seeks to avoid the holding in *Dietz* by noting that in the case at bar it presented the official armed forces report of plaintiff's discharge from the Marines, which stated that he had two years, no months, and no days of "active service," and, therefore, did not classify the period between induction and reporting as "active service." We are not here bound by the definition of active service used by the armed forces for their own unstated purposes. We are here concerned with the construction of an Illinois law according veterans a preference in regard to employment by police and fire departments of certain municipalities in this State. It is the intention of our General Assembly which is the controlling question, and we must resolve that question contrary to the board's position.

The board also maintains that its position is supported by *People ex rel. Sellers v. Brady* (1914), 262 Ill. 578, 105 N.E. 1, which upheld the constitutionality of an earlier veterans' preference law as against a claim that it was unconstitutional special legislation. In upholding the law, the court quoted the following language from a prior Massachusetts decision:

> " 'It may be said that, other qualifications being equal, there are reasons to believe that a veteran soldier or sailor often will make a better civil officer than a person who never has been subjected to the discipline of service in war, and it is distinctly a public purpose to promote patriotism, and to make conspicuous and honorable any exhibition of courage, constancy and devotion to the welfare of the State shown in the public service.' " (262 Ill. 578, 594.)

228

The board maintains that the rationale of that court in upholding the law "would not apply to a period of time when the inductee was remaining at home, and involved in civilian activities while waiting to be called to active service." The board does not explicitly argue that section 10—2.1—11 would be unconstitutional if construed according to *Dietz*.

In any event, we do not consider that such a construction would be inconsistent with the above language from *Sellers*. We believe that the legislature could properly determine that it would promote patriotism to award honorably discharged veterans for the period of time between induction and reporting.

Plaintiff was entitled to veterans' preference points for the period between induction and reporting, and under the undisputed facts, this amounts to 3.5 points. Accordingly, the judgment of the circuit court of Du Page County is reversed, and the cause remanded with directions that an order be entered allowing plaintiff's motion for summary judgment, and that a writ of *mandamus* be issued requiring the board to credit plaintiff with 3.5 veterans' preference points.

Reversed and remanded with directions.

NASH, P.J., and STROUSE, J., concur.